Dong Fu
5813 Geary Blvd,
PMB 188
San Francisco, CA 94121
(415) 867 - 5973
Plaintiff In Pro Per

FILED
FEB 17 2009
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>DEMAS YAN ("Yan")<br><br>Debtor | Bankruptcy Court Case No: 04-33526 TEC<br>Chapter 7<br><br>**AP # 08 – 3166** |
| TONY FU, an individual<br><br>Plaintiff<br><br>v.<br><br>DEMAS YAN, aka Dennis Yan, an individual,<br><br>CHEUK TIN YAN, an individual, and<br><br>DOES 1-10 inclusive,<br><br>Defendants. | **OPPOSITION TO DEMAS YAN AND CHEUK TIN YAN'S MOTION TO DISMISS**<br><br>Date: Feb. 27, 2009<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas Carlson<br>235 Pine Street, 23rd Floor<br>San Francisco, CA<br>Scheduled Trial Date: Not set |

Plaintiff Tony Fu ("Fu") files this Opposition to the Motion to Dismiss filed by Defendants Demas Yan ("Demas") and his father Cheuk Tin Yan ("Cheuk").

### INTRODUCTION

Fu and Demas are former friends and business partners. We had a falling out and over our final joint venture, a real property development located at 663 Chenery Street in San Francisco. The dispute went to litigation in the San Francisco Superior Court, but later was

OPPOSITION TO YAN MOTION TO DISMISS 1

removed to the Bankruptcy Court following Defendant's voluntary bankruptcy filing. In December 2005, see Request for Judicial Notice in Support of Plaintiff Tony Fu's Opposition to Motion to Dismiss ("RJN") on <u>Exhibit A</u>, the Bankruptcy Court entered its judgment following trial. Memorandum Re Tony Fu's Motion For Summary Judgment entered January 9, 2008 at 2:7-21 [Motion For Judicial Notice and to Augment Record on Appeal [subsequently cited as "MJN"] page 2. The Bankruptcy Court ruled in pertinent part that "Demas Yan is entitled to a determination that he has no enforceable obligation to Tony Fu or Wei Suen. He is entitled to no further relief against Stella Chen, Tony Fu or Wei Suen." MJN at 2:15-21. Notwithstanding the Bankruptcy Court's 2005 judgment resolving the Chenery dispute, Defendant filed another lawsuit in the San Francisco Superior Court on June 27, 2007, No. 07-464671. MJN at 2:23-24. Since Defendant's bankruptcy case was still pending, this lawsuit was removed to the Bankruptcy Court on July 27, 2007. MJN at 3:7-8. On January 8, 2008, the Bankruptcy Court determined that Defendant's new claims "arose out of the same nucleus of operative facts" as the claims resolved by its prior judgment and were thus *barred* by the doctrine of res judicata and claim preclusion. MJN at 4:6-14. Accordingly, on January 8, 2008, the Bankruptcy Court entered its order for dismissal **with prejudice**. MJN at 7 [Order Dismissing Adversary Proceeding With Prejudice as to Defendant Tony Fu entered January 8, 2008 at 2:7-21]. In addition to the dismissal with prejudice, the Bankruptcy Court's memorandum contained the admonishment that "Allowing Yan to bring a new lawsuit regarding 663 Chenery Street every time he discovers additional causes of action would undermine the finality of the Judgment." MJN at 4:10-12. Demas is currently licensed to practice law in California (BAR License # 257854) and he may consider himself above the law; therefore, he totally ignored the finality of the Judgment and brought Chenery Street issue against Plaintiff again and again and what's more, he brought in his father to lie about the true fact in regards to Chenery Street. See <u>Exhibit B</u> on RJN for Demas father's claim.

## ARGUMENT

Defendants in their motion to dismiss both asserted that Plaintiff's complaint fails to state a claim and lacks jurisdiction over the subject matter. But quite the opposite, Plaintiff's complaint do have standing to sue and subject matter jurisdiction do exist; therefore, Defendants motion to dismiss must be defeated.

In order to prevent Defendants' "blatant and inexcusable attempt" to mislead to other court (see RJN's Exhibit C on Appellant's Opening Brief on page 6), and further, 663 Chenery issue is the core matter in the litigation and Demas' bankruptcy claim is still pending, the Jurisdiction over this action do exist pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157.

Demas may attempt to mislead this court by stating in his motion to dismiss (Page 2) "Post-petition causes-of-actions are personal properties of Yan, as well as any pre-petition claims that may be released by the Trustee or that may revert to Yan." The Trustee has not released any of claim to Yan and Defendants brought in the same issue of Chenery constituted malicious prosecution.

Demas attempts to bring in his defamation suit against Plaintiff. The allegation was patiently untrue. Let alone the falsely created cause of action for Libel that Demas claimed that Plaintiff condemned him for "illegally withdrew funds and assets from a corporation, and that Plaintiff mismanaged and caused said corporation to become insolvent." This funds and this corporation were the core matters of Chenery issue which was trialed and ruled. The Defendant, a licensed legal professional, knew so well that he is barred to bring this failed allegation (see RJN on Exhibit D for the appellate court's ruling) against Plaintiff but he intentionally did.

## CONCLUSION

For the reasons stated above and for other arguments that may be represented at the hearing, Defendants motion to dismiss must be denied.

Dated: Feb. 13, 2009

Respectfully Submitted,


Tony Fu

Case: 08-03166    Doc# 11    Filed: 02/17/09    Entered: 02/18/09 13:18:46    Page 3 of 4

# PROOF OF SERVICE BY MAIL
## CCP 1013a, 2015.5

I am a legal resident of the United States, over the age of eighteen, not a party to this action. My business address is 600 Montgomery Street, San Francisco, CA 94111.

On Feb. 17, 2009, I served the attached:

**OPPOSITION TO DEMAS YAN AND CHEUK TIN YAN'S MOTION TO DISMISS**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF TONY FU'S OPPOSITION TO MOTION TO DISMISS**

On the interested parties as follows:

Demas Yan
1433-7th Ave.
San Francisco, CA 94122

Cheuk Tin Yan
1433-7th Ave.,
San Francisco, CA 94122


__X__ BY FIRST CLASS MAIL: On the interested party named above in said cause, by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at <u>Postal Office, San Francisco</u> addressed as the above:

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on Feb. 17, 2009, at San Francisco, California.

Stacy Tam _____