**Signed and Filed: February 26, 2009**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33526 TEC |
| DEMAS WAI YAN, | Chapter 7 |
| Debtor. | |
| TONY FU, | Adv. Proc. No. 08-3166 TC |
| Plaintiff, | |
| vs. | |
| DEMAS YAN and CHEUK TIN YAN, | |
| Defendants. | |

### JUDGMENT ON THE PLEADINGS

The court enters the following judgment on the pleadings, based on the complaint filed in this action and the state-court complaints attached as exhibits thereto.

(1) Debtor Demas Yan and anyone acting directly or indirectly on his behalf, including but not limited to Cheuk Tin Yan, attorneys, or other agents, are permanently enjoined from bringing any action that in way relates to the real properties commonly known as at (a) 661 Chenery Street, San Francisco, CA,

JUDGMENT ON THE PLEADINGS                     -1-

(b) 663 Chenery Street, San Francisco, CA, (c) 665 Chenery Street, San Francisco, CA, and (d) 70 Wilder Street, San Francisco, CA (collectively, the Real Properties). The Real Properties were property of the bankruptcy estate, prior to their sale by the estate free and clear of all liens and claims. Any claims related to the Real Properties belong to the bankruptcy estate and may be pursued exclusively by the chapter 7 trustee. 11 U.S.C. §§ 541, 323. The chapter 7 trustee has not abandoned any claims related to the Real Properties. When the court signs an order closing the case, that order will also provide that claims related to the Real Properties are not abandoned to the Debtor, and that they will remain property of the estate pursuant to 11 U.S.C. § 554(c).

(2) Debtor Demas Yan and anyone acting directly or indirectly on his behalf, including but not limited to Cheuk Tin Yan, attorneys, or other agents, are permanently enjoined from bringing any action involving any claim of Demas Yan that arose prior to the Petition Date, because such claims belong to the bankruptcy estate and may be pursued exclusively by the chapter 7 trustee. 11 U.S.C. §§ 541, 323. The chapter 7 trustee has not abandoned any prepetition claims. When the court signs an order closing the case, that order will also provide that claims arising prepetition are not abandoned to the Debtor, and that they will remain property of the estate pursuant to 11 U.S.C. § 554(c).

(3) The following state-court lawsuits filed by Debtor are barred by the injunction in paragraph (1) and (2) this order: (a) <u>Yan v. Lei and Fu</u>, San Francisco Sup. Ct., Case No. CGC 07-464671;[1]

---

[1] This action was removed to bankruptcy court on July 26, 2007 and assigned Adv. Proc. No. 07-3082. The adversary proceeding was dismissed on January 8, 2008.

**JUDGMENT ON THE PLEADINGS**      -2-

Case: 08-03166   Doc# 15   Filed: 02/26/09   Entered: 02/26/09 12:47:24   Page 2 of 4

(b) <u>Yan vs. Lei and Fu</u>, San Francisco Sup. Ct., Case No. CGC 08-478364; (c) <u>Yan v. Lei and Fu</u>, San Francisco Sup. Ct., Case No. CGC 08-471333; (d) <u>Yan v. Ma, Li, and Fu</u>, San Francisco Sup. Ct., Case No. CGC-08-478815.

(4) Other than Case No. CGC 07-464671, which has already been removed to this court and dismissed (see n.1), Debtor or Cheuk Tin Yan is hereby ordered immediately to dismiss the complaints filed by Debtor or Cheuk Tin Yan in the actions identified in paragraph (3) of this order (unless such actions or the complaints filed by the Yans therein have already been dismissed).

(5) The following state-court action filed by Debtor is not barred by the injunctions in paragraphs (1) and (2) of this order: <u>Yan v. Lei and Fu</u>, San Francisco Sup. Ct., Case No. CGC 07-467500. The complaint filed in this action alleges acts that occurred postpetition and postconversion. Accordingly, they are not property of the estate, and are not subject to administration by the chapter 7 trustee. Furthermore, this court has no jurisdiction to resolve this action, because the acts alleged therein do not arise in or under the Bankruptcy Code, nor are they related to a bankruptcy case. 28 U.S.C. § 1334(b). Thus, Fu's complaint in the above-captioned adversary proceeding is dismissed without prejudice with respect to all claims concerning <u>Yan v. Lei and Fu</u>, San Francisco Sup. Ct., Case No. CGC 07-467500.

(6) Plaintiff may apply for attorneys fees and costs of suit pursuant to a timely noticed motion filed and served pursuant to Civ. L.R. 54, incorporated by Bankr. L.R. 1001-2(a).

**\*\*END OF JUDGMENT\*\***

|   |                                           |
|---|-------------------------------------------|
| 1 |                                           |
| 2 |                                           |
| 3 |                                           |
| 4 |                                           |
| 5 | **Court Service List**                    |
| 6 |                                           |
| 7 | Tony Fu<br>5813 Geary Boulevard<br>PMB 188 |
| 8 | San Francisco, CA 94121                   |
| 9 | Deman Yan<br>1433 7th Avenue              |
|10 | San Francisco, CA 94122                   |
|11 | Cheuk Tin Yan<br>1433 7th Avenue          |
|12 | San Francisco, CA 94122                   |
|13 | Caelo T. Marroquin, Esq.<br>Law Office of Caelo T. Marroqui |
|14 | P.O. Box 638<br>Alameda, CA 94501         |