**Entered on Docket
March 03, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**



**Signed and Filed: March 02, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33526 TEC |
| DEMAS WAI YAN, | Chapter 7 |
| Debtor. | |
| TONY FU, | Adv. Proc. No. 08-3166 TC |
| Plaintiff, | |
| vs. | |
| DEMAS YAN and CHEUK TIN YAN, | |
| Defendants. | |

### MEMORANDUM RE PLAINTIFF'S MOTION FOR RELIEF FROM ORDER

Upon due consideration, and for the reasons stated below, the court denies Plaintiff's Motion for Relief from Order for lack of jurisdiction to amend the order entered by the court on June 15, 2009. This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On February 26, 2009, the court entered judgment on the pleadings in this action (the Judgment). The Judgment enjoined

MEMO RE MOTION TO ALTER OR AMEND      -1-

Defendants from prosecuting prepetition claims, because such claims belonged to the estate and could only be prosecuted by the trustee, absent abandonment to Debtor.

On March 9, 2009, Defendants filed Motions to Reconsider the Judgment. On April 3, 2009, the court held a hearing on the Motion to Reconsider the Judgment, and took the matter under submission. On June 15, 2009, the court entered an Order re the Motions to Reconsider (the Order). The Order abandoned all prepetition causes of action to Debtor on the grounds that the estate had sufficient funds to pay all claims in full, and that the trustee stipulated to abandonment of such claims. Plaintiff timely appealed the Order.

On January 19, 2010, Plaintiff filed a Motion for Relief from the Order (the Motion). The Motion seeks to set aside the Order on the grounds that Defendant Demas Yan lied when he told the court that Defendants had only one pending state-court lawsuit against Plaintiff.

**LAW**

The court lacks jurisdiction to set aside the Order, because Plaintiff filed a timely appeal of the Order. Sherman v. S.E.C. (In re Sherman), 491 F.3d 948, 967 (9th Cir. 2007) (citation omitted).

The court declines to seek remand of the Order from the United States District Court, because the court would not grant the Motion if it had jurisdiction to do so. Assuming what Plaintiff says is true, this fact would not justify setting aside the Order because, in entering the Order, this court did not rely upon on the number of pending state-court decisions filed by Defendants against Plaintiff. Rather, the court relied upon on the trustee's consent

1 | to abandonment of all prepetition causes of action, and upon the
2 | fact that this is a surplus case.
3 | **\*\*END OF MEMORANDUM\*\***

**MEMO RE MOTION TO ALTER OR AMEND** -3-

## Court Service List

Tony Fu
5813 Geary Boulevard
PMB 188
San Francisco, CA 94121

Demas Yan
1433 7th Avenue
San Francisco, CA 94122

Cheuk Tin Yan
1433 7th Avenue
San Francisco, CA 94122