Crystal Lei
337-28th Avenue
San Francisco, CA 94121
Tel: (415) 221 - 0969
Email: Crystalleija@yahoo.com
Interested party/creditor in Pro Per

**FILED**

OCT 17 2013

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: DEMAS YAN, ("Demas")<br><br>Debtor | Bankruptcy Court Case No: 04-33526 TEC<br>Chapter 7 |
| TONY FU, an individual<br><br>Plaintiff<br><br>v.<br><br>DEMAS YAN, aka Dennis Yan, an individual,<br><br>CHEUK TIN YAN, an individual,<br><br>Defendants. | **Adv. Proc. No. 08 – 3166 TC**<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST DEMAS YAN AND CHEUK TIN YAN**<br><br>Date: November 18, 2013<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas Carlson<br>235 Pine Street, 23rd Floor<br>San Francisco, CA |

**Notice of Motion:**

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on the above mentioned date, place, and time or as soon thereafter as the matter may be heard, Interested party/Creditor Crystal Lei ("Lei") will move the Court for attorney fees and punitive damages against Debtor Demas Yan and Cheuk Tin Yan.

NOTICE OF MOTION FOR ATTORNEY FEES    1

This Motion For Attorney Fees will be based on this notice of motion, on the memorandum of points and authorities served and filed herein, on the declaration in support, and on such and other evidence as may be presented at the hearing of the Motion.

Dated: October 16, 2013

Respectfully submitted,

By: _____
Crystal Lei,
Interested party/Creditor in Pro Per

**Memorandum of Points and Authorities in Support:**

## I. INTRODUCTION

Judge Carlson has been presiding over this drawn out litigious drama with Demas Yan ("Yan") since 2004, and during that time he has had the opportunity to review all relevant case law, oversee the parties' numerous proceedings, and, more importantly, observe all parties and their conduct. Armed with this knowledge, he has repeatedly rejected Yan's legal claims and in almost every instance has issued orders against him and in favor of Lei. However, rather than concede to Judge Carlson's factually and legally sound decisions, Yan has appealed these orders as a matter of course, only to fail each time due to the baseless nature of his claims. This Motion shall focus on Judge Carlson's July 26, 2011 Order, directing Yan to dismiss the three Superior Court lawsuits he filed, his order permitting Lei to file a motion for attorney fees - attached as Exhibit A, and the United States District Court Order Affirming the Decision of Bankruptcy Court - attached as Exhibit B. As set forth below, Lei respectfully requests that this Court award her attorney fees (punitive damages are also requested) for fighting Yan's frivolous and antagonizing San Francisco Superior Court lawsuits (case numbers 08-478364, 08-478815, and 07-467500).

NOTICE OF MOTION FOR ATTORNEY FEES

This underlying dispute arises from a partnership which was formed in the late 1990s between Yan and Tony Fu ("Fu"), and which was terminated in 2003. Since 2003, the parties have had no business dealings, rather their only relationship has been as adversaries in Yan's numerous state and federal court actions. During their partnership, Yan and Fu rehabilitated the following four residential properties located in San Francisco, California: (1) the Chenery Property; (2) the Majestic Property; (3) the 32nd Avenue Property; and (4) the 23rd Avenue Property. The most successful of these properties was the Chenery Property and due to its success, a dispute arose between Yan and Fu after Yan attempted to swindle Fu out of his share of profits from the sale.

On February 20, 2004, Yan filed an action against Fu and his sister, Stella Chen ("Chen"), in the San Francisco Superior Court seeking to enjoin the sale of the Chenery Property. The Court denied the request. In response, on December 19, 2004, Yan filed for chapter 11 bankruptcy protection.

On March 3, 2006, the bankruptcy court entered a judgment against Yan which validated Ms. Chen's claims against Yan for her deed of trust against the property. Since the issuance of that judgment, Yan has taken it upon himself to wage a one-man war against Fu and anyone associated with him, leading to over nine separate frivolous and distressing lawsuits concerning Chenery.

On February 18, 2011, Judge Carlson entered an Order, attached as Exhibit C, ordering that the claims alleged in these lawsuits were filed in bad faith and belonged to Yan's bankruptcy estate, and on July 26, 2011, the same Judge entered an Order for Yan to dismiss the particular actions because he did not have standing to allege them. See Exhibit A.

As Lei has previously argued to the Court in Yan's prior appeals, Judge Carlson's February 18 Order, on which his July 26 Order is based, these rulings are correct and fully supported by both the law and facts. Specifically, and as noted by Judge Carlson, despite the conclusory statements in the operative complaints in these actions, the only specific allegations in case numbers 08-478364, 08-467500, and 08-478815 relate to prepetition conduct.

Consequently, it is clear that Yan has no post-petition claims and that Judge Carlson's ruling has been affirmed by the appeal court in its entirety.

## II. BACKGROUND FACTS

On February 18, 2011, Judge Carlson entered the order forming the basis of his July 26, 2011, Order. The following is a brief recitation of the facts as stated in that order:

### A. MR. YAN'S JOINT VENTURE WITH TONY FU

In February 2000, Yan purchased a single-family residence at 663 Chenery Street, San Francisco (the Chenery Property). On October 18, 2000, Yan and Fu entered into a written joint-venture agreement, which provided that Yan's contribution to the Chenery Property was the cost of construction up to $300,000 in return for 75 percent of the sale proceeds, while it was outlined that Fu was to supervise construction and supply all additional costs of construction in return for 25 percent of the sale proceeds. Fu later assigned all of his rights under the joint venture agreement to Wei Suen ("Suen").

### B. YAN'S SECURED PROMISSORY NOTE TO STELLA CHEN

On November 12, 2002, Yan executed a promissory note payable to Chen in the amount of $450,000 (the Chen Note), secured by a deed of trust against the Chenery Property (the Deed of Trust). The Chen Note was given in consideration of a loan Yan obtained from a relative of Chen in February 2002.

### C. PRE-PETITION LITIGATION, VOLUNTARY BANKRUPTCY PETITION, AND SALE OF THE CHENERY PROPERTY

On February 20, 2004, Yan filed an action against Chen and Fu in the San Francisco Superior Court seeking, *inter alia*, cancellation of the Chen Note and quiet title to the Chenery Property (Debtor's Prepetition Action).

On December 19, 2004, after the San Francisco Superior Court denied Yan's motion to stop Chen's foreclosure of the Chenery Property, Yan filed for chapter 11 bankruptcy relief. Protected by the automatic stay, Yan was able to sell the Chenery Property in the chapter 11 case free and clear of liens and claims at a price sufficient to pay all allowed secured and unsecured

claims.

On January 25, 2005, Chen filed an adversary proceeding against Yan in the bankruptcy court to determine the enforceability of the Chen Note and the Deed of Trust.

On March 17, 2005, Chen removed Yan's Prepetition Action to the bankruptcy court. The bankruptcy court consolidated the removed action with the Chen adversary proceeding.

On March 3, 2006, the bankruptcy court entered a judgment that determined the parties' respective legal rights regarding the Chenery Property (the Bankruptcy Court Judgment). The bankruptcy court awarded Chen $767,655, which included principal, prejudgment interest, attorney fees, and costs. The court also determined that Yan had no enforceable obligation to Fu or Suen, and that Fu, Suen, and Chen had no obligation to Yan.

### D.  APPEALS OF THE BANKRUPTCY COURT JUDGMENT

Chen appealed the bankruptcy court's disallowance of part of her claim for prejudgment interest and attorneys fees.  Chen later settled this appeal.

Suen appealed the bankruptcy court's determination that Fu was barred by California Business and Professions Code section 7031 from sharing the joint-venture proceeds because he was an unlicensed contractor.  Suen prevailed on the appeal.  The District Court held that Fu had an enforceable claim to a share of the Chenery sale proceeds and that Suen was entitled to Fu's share.  Suen later reached a settlement regarding the amount of these proceeds. The District Court decision did not alter the bankruptcy court's determination that Yan had no enforceable claim against Fu arising out of the joint venture.

Fu did not appeal the Bankruptcy Court Judgment. Yan's appeal of the Bankruptcy Court Judgment was dismissed.

### E.  TRUSTEE BECOMES ESTATE REPRESENTATIVE

On May 12, 2006, the bankruptcy court ordered the appointment of a trustee.  The United States Trustee selected Janina M. Hoskins to serve as the chapter 11 trustee (Trustee).

### F.  CLAIMS FILED AGAINST THE ESTATE BY CRYSTAL LEI

Lei filed two proofs of claim against the bankruptcy estate.  On March 29, 2006, Lei filed

a general unsecured claim (no. 11) in the sum of $67,937, based on Yan's alleged breach of contract. On October 13, 2006, Lei filed a second unsecured claim (no. 16) in the sum of $88,111, based on Yan's alleged failure to repay an installment note.

**G. TRUSTEE'S SETTLEMENT WITH MS. CHEN**

On July 24, 2006, the bankruptcy court entered an order approving a settlement between Trustee and Chen. The settlement resolved Chen's appeal regarding the amount due under the Chen Note. The settlement agreement required Trustee to pay Chen $818,198, and provided that the parties to the agreement release all claims against each other. Specifically, the release provides that:

> the respective Parties to this Agreement, each acting on . . . her own behalf . . . do forever discharge the other . . . in all capacities, including individually, from any and all actions, liabilities, ... claims, [etc.] of every kind, nature and description, including, but not limited to, tort, arising out of the facts alleged with regard to the Chen Proceeding. The Parties acknowledge and agree that *the foregoing releases shall extend to any and all adversary proceedings, proofs of claim or any other claims by or against any Party hereto, their assignors and the Debtor*. Docket No. 3-3 at p. 107.

The settlement also includes a waiver of each party's rights under California Civil Code section 1542. No one appealed the order approving the Chen settlement.

**H. CONVERSION TO CHAPTER 7 AND DISCHARGE OF YAN**

On September 15, 2006, the bankruptcy court ordered the case be converted to chapter 7. Ms. Hoskins continued to serve as Trustee. On June 26, 2007, the court entered Yan's discharge.

**I. YAN'S UNAUTHORIZED STATE-COURT ACTIONS ASSERTING PREPETITION CLAIMS OWNED BY TRUSTEE**

On July 2, 2007, without permission of the bankruptcy court or Trustee, Yan filed an action against Lei and Fu in San Francisco Superior Court[1] (the First State Court Action). That action asserted claims for fraud, quiet title, and conversion based on prepetition events regarding

---
[1]    Case No. 07-464671.

the Chenery Property and Lei's prepetition purchase of real property on 28th Avenue in San Francisco.

On July 26, 2007, Trustee removed the First State Court Action to the bankruptcy court. On January 8, 2008, the bankruptcy court dismissed with prejudice the claims asserted against Fu in the removed action on the grounds that they were barred by the preclusive effect of the Bankruptcy Court Judgment. The court dismissed Debtor's claims against Lei without prejudice on the basis that they could only be asserted by Trustee.

On September 24, 2007, Yan filed another action against Lei and Fu in San Francisco Superior Court, this one for libel and slander, based upon postpetition and postconversion statements allegedly made by the defendants (the Second State Court Action).[2] Although the original complaint in the Second State Court Action alleged only claims arising postconversion, Yan's second amended complaint filed in March 2010 alleges only prepetition claims for breach of fiduciary duty, unjust enrichment, and fraudulent transfer. Each claim in the second amended complaint arises out of prepetition conduct re: the Chenery Property--the same nucleus of operative facts as that involved in the Bankruptcy Court Judgment.[3] The second amended complaint in the Second State Court Action attempts to skirt the prepetition nature of the claims by alleging that Yan did not discover the facts underlying his claims until November 2006. On January 24, 2008, again without permission of the bankruptcy court or Trustee, Yan filed another

---

[2]  Case No. 07-467500

[3]  Mr. Yan filed the second amended complaint after the court entered the order abandoning prepetition claims to Mr. Yan. However, his filing of the second amended complaint was wrongful, because the complaint asserts only prepetition claims that were released by Trustee or barred by the preclusive effect of the Bankruptcy Court Judgment.

action against Lei and Fu in the San Francisco Superior Court (the Third State Court Action).[4] The complaint alleges that, sometime before February 2001, Yan hired Lei and Fu to provide construction services at 547 23rd Avenue and the Chenery Property, paid Lei and Fu for such services, and that Yan was entitled to recoup such payments under state law because Lei and Fu were not licensed contractors. Yan dismissed this action without prejudice.

## J. TRUSTEE'S SETTLEMENTS WITH SUEN AND LEI

On March 4, 2008, the bankruptcy court approved Trustee's settlement with Suen, which was read into the record at mediation before Magistrate Judge Edward Chen in February 8, 2008. The Suen settlement provides that the parties mutually agree to waive:

> any and all claims arising out of this particular transaction [Chenery Property], that is, the subject matter of this case and ... include[s] *a waiver of all claims known or unknown arising up through and including today*, and the parties would waive their rights under California Civil Code section 1542. Docket No. 3-3 at p. 109.

(emphasis added). No appeal was taken from the order approving the settlement.

On May 29, 2008, the bankruptcy court approved a settlement between Trustee and Lei. The Lei settlement agreement required Trustee to pay Lei $45,000 in satisfaction of Lei's proofs of claim and included broad, mutual releases of all claims (known and unknown) by Lei and Trustee. The release provides in relevant part:

> the respective Parties to this Agreement, each acting on her own behalf ... do forever discharge the other ... in all capacities, including individually, from *any and all actions, liabilities, liens, debts, damages, torts, claims, suits, judgments, executions and demand of ever)) kind, nature and description, arising in the Case, and relating to the assets, liabilities and administration of the Case and Estate*. The Parties acknowledge and agree that the foregoing releases extend to adversary proceedings and proofs of claim in the Case. Docket No. 3-3 at p. 109.

---

[4]    Case No. 08-471333.

NOTICE OF MOTION FOR ATTORNEYS' FEES

(emphasis added).  The Lei settlement includes a waiver of California Civil Code section 1542, and a clause entitling the prevailing party to recover attorneys fees related to enforcement of the settlement.  No one appealed the order approving the Lei settlement.

Thus, by June 2008, Trustee had released all of the estate's prepetition claims against Chen, Suen, and Lei.

State Court Action Purportedly By Yan's Father, Cheuk Tin Yan.

On August 7, 2008, Yan's father Cheuk Yan (Debtor's Father) allegedly filed an action against Lei and Fu for fraud, quiet title, conversion, and unjust enrichment in the San Francisco Superior Court (the Cheuk Yan Action).[5]  The complaint is virtually identical to the complaint filed by Yan in the First State Court Action and concerns the same prepetition events regarding the Chenery Property.  The only material difference between the First State Court Action and the Cheuk Yan Action is the substitution of Debtor's Father for Yan as plaintiff.

At a deposition, Cheuk Yan shockingly testified that notwithstanding the fact his name is listed as a plaintiff on a complaint filed against Lei and Fu:  (1) Cheuk Yan did not know Lei ("Q:  Do you know who Crystal Lei is?  A:  I don't"); (2) he did not believe Lei owed him money ("Q:  Does [Crystal Lei] owe you any money?  A:  No.  I don't know – even know her.  Why would she owe me money?"); (3) he was unaware of the majority of the factual allegations in the complaint filed in the Cheuk Yan Action ("Q:  Do you know if Mr. Fu forged or altered any documents?  A:  Don't know.  Q:  Do you know if Mr. Fu ever stole building materials?  A:  I don't even know"); (4) that he cannot read or write English; and (5) that he had not read or written any of the verified pleadings he allegedly filed, and just signed the pleadings because Yan told him to ("Q:  Did you read this document before you signed it?  A:  No. . . . Q:  Did you read this document before you signed it?  A:  No.  I didn't even know how to read it").  As it

_____

[5]    Case No. 08-478364.  On January 7, 2011, the Superior Court signed an order consolidating he Cheuk Yan Action with the Second State Court Action and Superior Court Case No. 08-478815.

turns out, Yan brought an action on behalf of his father against Lei and Fu which his father neither knew about nor approved.

### K. APPROVAL OF FINAL ACCOUNT AND PAYMENT OF ALL CLAIMS

On March 18, 2009, the bankruptcy court approved Trustee's final account, which provided for payment of all allowed claims in full with interest. On April 9, 2009, the bankruptcy court entered an order authorizing Trustee to make distributions on the final account, and requiring Trustee to retain all surplus funds (approximately $380,000) pending a determination on a disputed claim.

Abandonment of Prepetition Claims to Yan

On June 15, 2009, the court entered an order abandoning to Debtor the bankruptcy estate's interest in all prepetition causes of action. However, after learning of Yan's repeated acts of bad faith, the bankruptcy court subsequently entered an order vacating the previous order.

## III. RELEVANT PROCEDURAL HISTORY

On February 26, 2009, Judge Carlson Court entered an Order enjoining Yan and Cheuk Yan from litigating case numbers 08-478364 and 08-478815 on the grounds that these actions alleged prepetition claims belonging to Yan's bankruptcy estate. This Order also instructed both Yan and Cheuk Tin Yan to immediately dismiss these actions.

On June 15, 2009, Judge Carlson Court entered an Order reversing his February 26, 2009, Order and abandoning all of Yan's prepetition claims to Yan but not the bankruptcy estate.

On February 18, 2011, Judge Carlson entered an Order (1) vacating the June 15, 2009, Order revoking Yan's prepetition claims and (2) ordering that these claims belong to Yan's bankruptcy trustee. In addition, the Memorandum of Decision for the Order stated that Yan's operative complaint in case number 07-467500 wrongfully alleged prepetition claims "that were released by Trustee or barred by the preclusive effect of the Bankruptcy Court Judgment."

On April 26, 2011, based on the Court's February 18, 2011 Order, Lei filed a motion requesting that Judge Carlson reinstate his February 26, 2009, Order and mandate Yan and his father dismiss case numbers 08-478364, 08-478815, and 07-467500 and award Lei attorney fees.

On July 26, 2011, Judge Carlson entered an Order granting Lei's motion.

On August 6, 2011, Yan filed the Notice of Appeal of Judge Carlson's July 26, 2011, Order.

On December 2, 2011, Judge Carlson found that Yan was in civil contempt for willful violation of the court's July 26, 2011 Order. The December 2, 2011 Order is attached as <u>Exhibit</u> <u>D</u>.

The appeal court affirmed Judge Carlson's July 26, 2011 Order in its entirety on December 12, 2011.

On October 15, 2013, Notice of Entry of Order was filed.

## IV. ATTORNEY FEES SHOULD BE AWARDED TO LEI

The critical conclusion in Judge Carlson's February 18 Memorandum of Decision is his conclusion that case numbers 08-478364, 08-478815, and 07-467500 alleged only pre-petition conduct. This conclusion is fully supported by both the facts and the law. Specifically, and as noted by Judge Carlson, despite the conclusory statements in the operative complaints in these actions, the only specific allegations in these actions directly related to prepetition conduct and underlied that Yan acted in bad faith.

In defending these bad faith lawsuits, Lei has incurred attorney fees in the amount of $282,151.27 of which $211,099.27 was for case numbers 08-478364, 08-478815, and 07-467500. Please see Lei's declaration in support attached as <u>Exhibit E</u>.

"Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them." Chamers v. Nasco, Inc. Attached as <u>Exhibit F</u>. Based on the circumstances of this case, the District Court acted within its discretion in assessing as a sanction for Chamers' bad-faith conduct the entire amount of Nasco's attorney fees.

Every federal court has the inherent power to sanction abusive litigation practices. *See Marrama v. Citizens Bank*, 549 U.S. 365, 376 (2007) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).

Yan is a California licensed attorney, State Bar license no 257854. In order to harass Lei,

Yan has vexatiously filed and prosecuted lawsuits in bad faith and in violation of the automatic stay. Pursuant to 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Ingle v. Circuit City,* 408 F.3d 596 (9th Cir. 2005). Under 28 U.S.C. § 1927 "a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorney's fees." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1108 (9th Cir. 2002) (citing *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001)).

Further, pursuant to 11 U.S.C. § 362 (k)(1) "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, in appropriate circumstance, may recover punitive damages. Judge Carlson, in his July 26, 2011 Order, clearly states "Nothing in this order precludes Crystal Lei from filing a motion for attorney fees, if there is a meritorious legal basis for such a motion." Judge Carlson, in his February 18, 2011 Memorandum clearly found that the Yan's misconducts were in bad faith and in violation of the automatic stay.

### V. CONCLUSION

For the reasons set forth above, Lei respectfully requests this Court to award her $211,094.27 attorneys' fees and costs incurred while disputing Demas Yan and Cheuk Tin Yan's multiple frivolous lawsuits. Lei further respectfully requests this Court to award her punitive damages against Demas Yan and Cheuk Tin Yan in the amount this Court deems proper.

Dated: October 16, 2013

Respectfully Submitted,

Crystal Lei, In Pro Per

NOTICE OF MOTION FOR ATTORNEY FEES                12

# Exhibit A



Signed and Filed: July 26, 2011

THOMAS E. CARLSON
U.S. Bankruptcy Judge

1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   In re                          )   Case No. 04-33526 TEC
11   DEMAS WAI YAN,                  )   Chapter 7
12                                   )
13                                   )
                    Debtor.          )
14   _____ )
     TONY FU,                        )   Adv. Proc. No. 08-3166 TC
15                                   )
                    Plaintiff,       )
16                                   )
          vs.                        )
17                                   )
     DEMAS YAN and                   )
18   CHEUK TIN YAN,                  )
19                                   )
                    Defendants.      )
20   _____ )

21   **ORDER RE MOTION FOR ORDER RE DISMISSAL OF SUPERIOR COURT CASES AND
     FOR PERMISSION TO FILE MOTION FOR FEES AND SANCTIONS**

22       On July 22, 2011, the court held a hearing on interested party

23   Crystal Lei's properly noticed Motion for Orders: (1) Ordering

24   Demas Yan and Cheuk Tin Yan to Dismiss Their Claims in San

25   Francisco Superior Court Case Numbers 08-478364, 08-478815, and 07-

26   467500; and (2) Permitting Crystal Lei to File a Motion for

27   Attorneys' Fees and Sanctions Against Demas Yan.  Michael J. Betz

28   appeared for movant Crystal Lei.  Plaintiff Tony Fu, who joined in

ORDER RE MOTION FOR ORDER RE
DISMISSAL OF SUP. CT. CASES        -1-

1  the motion, appeared in pro per. Demas Yan and Cheuk Tin Yan, who
2  filed a joint opposition to the motion, did not appear at the
3  hearing. Upon due consideration, and for the reasons stated on the
4  record at the hearing, the court hereby grants the motion as
5  follows:

6      (1) On or before August 17, 2011, Demas Yan or Cheuk Tin Yan
7  shall dismiss the complaints filed by Demas Yan or Cheuk Tin Yan in
8  Yan vs. Lei and Fu, San Francisco Sup. Ct., Case No. CGC 08-478364;
9  Yan v. Ma, Li, and Fu, San Francisco Sup. Ct., Case No. CGC-08-
10 478815; and Yan v. Lei and Fu, San Francisco Sup. Ct., Case No. CGC
11 07-467500 (collectively, the State Court Actions).

12     (2) If Demas Yan or Chuek Tin Yan fail timely and fully to
13 comply with paragraph (1) of this order, the court will issue an
14 order to show cause re contempt why sanctions should not be imposed
15 for the Yans' failure to comply with an order of this court.

16     (3) The court declines at this time to impose sanctions on
17 Demas Yan or Cheuk Tin Yan, because the Yans' failure to date to
18 dismiss the State Court Actions or the complaints filed therein did
19 not violate any existing order requiring the Yans to dismiss the
20 State Court Actions.

21     (4) Nothing in this order precludes Crystal Lei from filing a
22 motion for attorneys fees, if there is a meritorious legal basis
23 for such a motion.

24                    **END OF ORDER**
25
26
27
28

ORDER RE MOTION FOR ORDER RE
DISMISSAL OF SUP. CT. CASES          -2-

# Exhibit B



Tony Fu
5813 Geary Blvd., PMB 188
San Francisco, CA 94121
Tel: (415) 867 - 5973
Email: Tonydxfu@gmail.com
Plaintiff in Pro Per

**FILED**

OCT 1 5 2013

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  DEMAS YAN,  ("Demas")<br><br>            Debtor<br><br>TONY FU, an individual<br><br>Plaintiff<br><br>v.<br><br>DEMAS YAN, aka Dennis Yan, an individual,<br><br>CHEUK TIN YAN, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Bankruptcy Court Case No: 04-33526 TEC
Chapter 7

**Adv. Proc. No. 08 – 3166 TC**

**NOTICE TO COURT CONCERNING THE
NOTICE OF ENTRY OF ORDER OF THE
UNITED STATES DISTRICT COURT**

TO ALL PARTIES:  PLEASE TAKE NOTICE THAT that on October 15, 2013,

Plaintiff  Tony Fu filed with the United States District Court a Notice of Entry of Order, a true

and correct copy of which is attached hereto as Exhibit A.

Dated: October 15, 2013

By:  _____
Tony Fu, Plaintiff in Pro Per

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 17 of 57

**Exhibit A**

1   Tony Fu
    5813 Geary Blvd., PMB 188
2   San Francisco, CA 94121
    Tel:    (415) 867 - 5973
3   E-mail: Tonydxfu@gmail.com

4   Appellee in Pro Per

5

6                   UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                       SAN FRANCISCO DIVISION

9   IN RE                              )   Case No.:  11-CV-3914 RS
                                       )
10  DEMAS WAI YAN aka DENNIS YAN        )
                                       )   Bankruptcy No: 04-33526-TC; Chapter 7
11                 Debtor,             )   Adversary Proceeding No: 08-3166-TC
                                       )
12  Demas Yan, an individual;          )
    Cheuk Tin Yan, an individual;      )   **NOTICE OF ENTRY OF ORDER**
13                                     )
                   Appellants,         )
14                                     )
          v.                           )
15                                     )
    Tony Fu, et al.,                   )
16                                     )
                   Appellees           )
17

18

19        TO ALL PARTIES:  Please take notice that on December 12, 2011 the Honorable

20  Richard Seeborg entered the Order attached hereto as Exhibit A.

21  Dated:  October 15, 2013

22

23                              _Fu Dongfung_

24                         Tony Fu, Appellee in Pro Per

25


              FU, 3914, NOTICE OF ENTRY OF ORDER --1

# Exhibit A

**E-filed 12/12/11**

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                 SAN FRANCISCO DIVISION
9
10
11   IN RE DEMAS WAI YAN,                    No. C 11-3914 RS
12             Debtor,                       Bankruptcy No. 04-33526
                                             Adversary No. 08-3166 TEC
13   DEMAS YAN AND CHEUK-TIN YAN             ORDER AFFIRMING DECISION OF
14                                           BANKRUPTCY COURT AND
            Appellants,                      DENYING MOTION FOR STAY AS
15       v.                                  MOOT
16   TONY FU,, et al.,
17             Appellees.
18                              /
19          Demas Wai Yan, a licensed attorney, appears in this matter representing both himself and his
20   father, Cheuk-Tin Yan, as appellants.  The Yans challenge an order of the Bankruptcy Court
21   requiring them to dismiss three actions they filed in San Francisco Superior Court related to a series
22   of controversies between Demas Yan and Tony Fu that grew out of their involvement in a
23   condominium construction project at 663 Chenery Street in San Francisco between 2001 and 2003.
24          The Yans' opening brief filed in support of this appeal contains no substantive arguments.[1]
25   Instead, the Yans refer to and incorporate the briefing submitted by Demas Yan in his appeal in
26
27   _____
28   [1]  The Yans filed no reply brief, and their time to do so has expired.

United States District Court
For the Northern District of California

1   Case No. 11-2211.[2]  By separate order issued herewith, the appeal in Case No. 11-2211 is being

2   dismissed, on grounds that the order challenged therein was an interlocutory order, not appealable as

3   of right.  Because both the substance and procedural posture of the order the Yans are challenging in

4   this appeal (an order requiring them to dismiss the state court cases) are materially different than the

5   order in dispute in Case No. 11-2211 (an order merely denying a motion to dismiss an adversary

6   complaint in the bankruptcy proceedings), their reliance on the briefing in Case No. 11-2211 is a

7   poor substitute for addressing the particular issues potentially presented in this case.  Their basic

8   contention, however, is that the bankruptcy court lacks jurisdiction to require them to dismiss the

9   state court cases because, (1) Demas Yan's state court claims arise from alleged wrongdoing by the

10  defendants that occurred post-petition, and therefore the claims are not part of the bankruptcy estate,

11  and (2) Cheuk-Tin Yan's state court claims are not part of the bankruptcy estate in any event.

12          The Yans have failed to establish any error in the Bankruptcy Court's ruling.  Demas Yan

13  acknowledges that his state court complaints include allegations of pre-petition wrongdoing.

14  Although he argues that the complaints *also* contain allegations of separately-actionable post-

15  petition conduct, his mere characterizations of the complaints are not controlling and are

16  unpersuasive.  Notably, in the context of ruling on the closely related question of whether a cross-

17  complaint Demas Yan had filed against Tony Fu in a proceeding removed to bankruptcy court

18  stated any post-petition claims, the Bankruptcy Court expressly gave Demas Yan leave to amend,

19  for the purpose of stating facts to show more clearly that any of his claims actually arose from post-

20  petition conduct.  Demas Yan declined to provide any amended cross-complaint.[3]  While that cross-

21  complaint may not have been co-extensive with the state court actions in dispute here, Demas Yan's

22  failure to amend further supports the conclusion that he is simply unable to articulate any viable

23  post-petition claims against defendants arising from these series of events.[4]

24  _____

25  [2] Cheuk-Tin Yan is not a party to the appeal in Case No. 11-2211. Demas Yan's briefing in that
    appeal, however, included arguments related to Cheuk-Tin's alleged rights. While Demas Yan
26  lacked standing to assert those arguments in Case No 11-2211, it is at least arguably permissible for
    Cheuk-Tin Yan to adopt them by reference in this appeal.

27  [3] That matter is the subject of a separate appeal still pending in this Court as Case No. 11-1814.

28  [4] The Yans repeatedly assert that the state court complaints in dispute have survived demurrer. At
    most, that means that, in the view of the state court, at least some part of the factual allegations in

United States District Court
For the Northern District of California

2

1    Likewise, no error has been shown in the Bankruptcy Court's conclusion that claims brought

2  nominally on behalf of Cheuk-Tin Yan also are property of the bankruptcy estate.  Merely asserting,

3  without a sufficient factual and legal basis to do so, that property belongs to someone other than the

4  debtor, does not suffice.  On the record before it, the Bankruptcy Court could properly conclude that

5  both monies alleged to have belonged to Cheuk-Tin Yan and claims relating to those funds were the

6  property of the estate, particularly in light of the other allegations Demas Yan had made regarding

7  the transactions.

8    Accordingly, the Yans have shown no basis for reversal of the bankruptcy court's order filed

9  July 26, 2011 requiring them to dismiss the specified state court actions.  Their motion for a stay of

10  that order and a subsequent enforcement order pending disposition of this appeal is therefore moot,

11  and is denied on that basis.

12

13

14  IT IS SO ORDERED.

15

16  Dated: 12/12/11

17  RICHARD SEEBORG
    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27  _____
    those complaints state a claim.  Even if the state court's rulings were binding on the Bankruptcy
28  Court, which they are not, it would fail to show that the claims are not the property of the
    bankruptcy estate, or that all of the allegations in those complaints represented cognizable claims.

3

*United States District Court*
*For the Northern District of California*

## PROOF OF SERVICE

### Case: **Adv. 08-03166**

I am a legal resident of the United States, over the age of eighteen, not a party to this action. My business address One Bush Street, San Francisco, CA 94104.

On October 15, 2013, I served the attached:

**NOTICE TO COURT CONCERNING THE NOTICE OF ENTRY OF ORDER OF THE UNITED STATES DISTRICT COURT**

On the interested parties as follows:

DEMAS. YAN
Defendant and Attorney for Cheuk-Tin Yan
425 Market Street, Suite 2200
San Francisco, CA 94105

JOANNE M. LAFRENIERE,
Attorneys for Trustee, JANINA M. HOSKINS
201 California Street, Suite 350
San Francisco, CA 94111

MICHAEL BETZ
Attorney for Crystal Lei, Stella Chen, Bryant Fu, and Wei Suen
THREE EMBARCADERO CENTER, 12TH FLOOR,
SAN FRANCISCO, CALIFORNIA 94111

___X___ BY FIRST CLASS MAIL: On the interested party named above in said cause, by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at <u>Postal Office, San Francisco</u> addressed as the above:

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 15, 2013, at San Francisco, California.

Stacy Tam _____

# Exhibit C

Entered on Docket
February 22, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 18, 2011

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33526 TEC |
| DEMAS WAI YAN,<br>aka DENNIS YAN, | Chapter 7 |
|         Debtor. | |
| TONY FU, an individual, | Adv. Proc. No. 10-3152 TC |
|         Plaintiff, | |
|     vs. | |
| DEMAS YAN, an individual,<br>d/b/a YAN LAW OFFICE, | |
|         Defendant. | |
| DEMAS YAN, an individual,<br>and YAN LAW OFFICE, | |
|         Cross-Plaintiff, | |
|     vs. | |
| TONY FU aka DONG XING FU, CRYSTAL LEI aka<br>LI MING LEI, STELLA HONG CHEN aka HONG<br>XING FU aka HONG XING CHEN, BRYANT FU<br>and WEI SUEN, | |
|         Cross-Defendants. | |

### ORDER RE RULE 12(b)(6) MOTIONS TO DISMISS AND MOTION TO REMAND

-1-

On November 19, 2010, the court held a hearing on the Motion to Dismiss filed by Stella Chen, the Motion to Dismiss filed by Tony Fu, the joint Motion to Dismiss filed by Crystal Lei, Wei Suen, and Bryant Fu, and the Motion to Remand filed by Demas Yan. Demas Yan appeared in pro per. Michael J. Betz appeared for Defendants Crystal Lei, Wei Suen, and Bryant Fu. Tony Fu appeared in pro per. William W. Farrer appeared for Stella Chen. Upon due consideration, and for the reasons stated in the accompanying memorandum decision, the court hereby orders as follows:

(1) The motion to dismiss filed by Stella Chen is granted.

(2) The motion to dismiss filed by Tony Fu is granted.

(3) The motion to dismiss filed by Crystal Lei, Wei Suen, and Bryant Fu is granted.

(4) On or before February 28, 2011, Debtor may file in this court an amended cross-complaint that alleges claims against the cross-defendants arising postpetition, and specifying clearly the facts that give rise to the postpetition claim or claims.

(5) If Debtor does not timely and fully comply with paragraph (4) of this order, the cross-complaint will be dismissed with prejudice.

(6) If Debtor files an amended cross-complaint by February 28, 2011, the defendants named in that cross-complaint need not file a response until ordered to do so by the court.

(7) The court will enter an order on Debtor's motion to remand after it determines whether Debtor's amended cross-complaint states a claim upon which relief can be granted.

**\*\*END OF ORDER\*\***



Signed and Filed: February 18, 2011

THOMAS E. CARLSON
U.S. Bankruptcy Judge

1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10   In re:                              )   Case No. 04-33526 TEC
                                         )
11   DEMAS WAI YAN, aka DENNIS YAN,      )   Chapter 7
                                         )
12                                       )
                                         )
13                    Debtor.            )
                                         )
14   CRYSTAL LEI,                        )   Adv. Proc. No. 10-3149  TC
                                         )
15                    Plaintiff,         )
                                         )
16        vs.                            )
                                         )
17   DEMAS WAI YAN,                      )
                                         )
18                    Defendant.         )
                                         )
19   TONY FU,                            )   Adv. Proc. No. 10-3152 TC
                                         )
20                    Plaintiff,         )
                                         )
21        vs.                            )
                                         )
22   DEMAS YAN,                          )
                                         )   MEMORANDUM RE MOTIONS TO
23             Defendant and Cross-Plaintiff, )  DISMISS, MOTION TO REMAND,
                                         )   AND REVOCATION OF ORDER
24        vs.                            )   ABANDONING CERTAIN ASSETS
                                         )   TO DEBTOR
25   TONY FU; aka DONG XING FU; CRYSTAL LEI, )
     aka LI MING LEI; STELLA HONG CHEN, aka )
26   HONG XING FU, aka HONG XING CHEN;   )
     BRYANT FU; and WEI SUEN,            )
27                                       )
                                         )
28                    Cross-Defendants.  )
                                         )

-1-

1    This bankruptcy case has been pending before the court for more than six years. A trustee
2    was appointed more than four years ago. The assets of the estate have been liquidated and all
3    allowed claims have been paid in full with interest. What remains before the court are a series of
4    lawsuits in which Debtor seeks to assert legal claims that have been previously adjudicated against
5    him by this court, have been released by the trustee, or may be asserted only by the trustee. For the
6    reasons set forth below, the court dismisses with prejudice the claims released by the trustee or
7    previously resolved against Debtor. With respect to the remaining claims that passed to the
8    bankruptcy estate, the court vacates its prior order abandoning those claims to Debtor, and
9    determines that such claims shall not be abandoned to Debtor upon closing the case.[1]
10    This memorandum shall constitute the court's findings of fact and conclusions of law.

11    **FACTS**
12    1. Debtor-Fu Joint Venture
13    In February 2000, Debtor Demas Yan purchased a single-family residence at 663 Chenery
14    Street, San Francisco (the Chenery Property). On October 18, 2000, Debtor and Tony Fu entered
15    into a written joint-venture agreement, which provided that Debtor was to contribute the Chenery
16    Property and costs of construction up to $300,000 in return for 75 percent of the sale proceeds, while
17    Fu was to supervise construction and supply all additional costs of construction in return for 25
18    percent of the sale proceeds. Fu later assigned all of his rights under the joint venture agreement to
19    Wei Suen.
20    2. Secured Promissory Note from Debtor to Stella Chen
21    On November 12, 2002, Debtor executed a promissory note in favor of Stella Chen in the
22    amount of $450,000 (the Chen Note), secured by a deed of trust against the Chenery Property (the
23    Deed of Trust). The Chen Note was given in consideration of a loan Debtor obtained from a friend
24    or relative of Chen in February 2002.

---

27    [1] Because this is a surplus case, this court previously ordered abandoned to Debtor
28    prepetition claims owned by Debtor before the petition date, which passed to the estate upon the
      filing of the petition. Because Debtor has abused the bankruptcy process in the various ways
      described in detail below, the court vacates the abandonment order, and will enter an order
      preventing such claims from being abandoned to Debtor upon the closing of the case.

-2-

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 29 of 57

3. Pre-Petition Litigation, Voluntary Bankruptcy Petition, and Sale of the Chenery Property

On February 20, 2004, Debtor filed an action against Chen, Fu, and Suen in the San Francisco Superior Court seeking, *inter alia*, cancellation of the Chen Note and quiet title to the Chenery Property (Debtor's Prepetition Action).

On December 19, 2004, after the San Francisco Superior Court denied Debtor's motion to stop Chen's foreclosure of the Chenery Property, Debtor filed for chapter 11 bankruptcy relief. Protected by the automatic stay, Debtor was able to sell the Chenery Property in the chapter 11 case free and clear of liens and claims at a price sufficient to pay all allowed secured and unsecured claims. Chen's secured claim and Fu's asserted joint-venture interest attached to the sale proceeds.

4. The Bankruptcy Court Judgment

On January 25, 2005, Chen filed an adversary proceeding against Debtor in this court to determine the enforceability of the Chen Note and the Deed of Trust.

On March 17, 2005, Chen removed Debtor's Prepetition Action to this court. The bankruptcy court consolidated the removed action with the Chen adversary proceeding.

On March 3, 2006, this court entered a judgment that determined the parties' respective legal rights regarding the Chenery Property (the Bankruptcy Court Judgment). This court awarded Chen $767,655, which included principal, prejudgment interest, attorney fees, and costs. The court determined that Debtor had no enforceable obligation to Fu or Suen, and that Fu, Suen, and Chen had no obligation to Debtor.

5. Appeals of the Bankruptcy Court Judgment

Chen appealed the bankruptcy court's disallowance of part of her claim for prejudgment interest and attorneys fees. Chen later settled this appeal (*see infra* p. 4).

Suen appealed the bankruptcy court's determination that Fu was barred by Cal. Bus. & Prof. Code § 7031 from sharing the joint-venture proceeds because he was an unlicensed contractor. Suen prevailed on appeal. The District Court held that Fu had an enforceable claim to a share of the Chenery sale proceeds and that Suen was entitled to Fu's share. Suen later reached a settlement regarding the amount of these proceeds (*see infra* p. 6). The District Court decision did not disturb the bankruptcy court's determination that Debtor had no enforceable claim against Fu arising out of the joint venture.

-3-

1    Fu did not appeal the Bankruptcy Court Judgment. Debtor's appeal of the Bankruptcy Court
2    Judgment was dismissed.
3    6.  Trustee Becomes Estate Representative
4         On May 12, 2006, the bankruptcy court ordered the appointment of a trustee. The United
5    States Trustee selected Janina M. Hoskins[2] to serve as the chapter 11 trustee (Trustee).
6    7.  Claims Filed Against the Estate by Crystal Lei
7         Fu's ex-wife, Crystal Lei, filed two proofs of claim against the bankruptcy estate. On March
8    29, 2006, Lei filed a general unsecured claim (no. 11) in the sum of $67,937, based on Debtor's
9    alleged breach of contract. On October 13, 2006, Lei filed a second unsecured claim (no. 16) in the
10   sum of $88,111, based on Debtor's alleged failure to repay an installment note.
11   8.  Trustee's Settlement with Chen
12        On July 24, 2006, this court entered an order approving a settlement between Trustee and
13   Chen. The settlement resolved Chen's appeal regarding the amount due under the Chen Note. The
14   settlement agreement required Trustee to pay Chen $818,198, and provided that the parties to the
15   agreement released all claims against each other. Agmt, ¶¶ 2, 5, and 6. Specifically, the release
16   provides that:
17        the respective Parties to this Agreement, each acting on . . . her own behalf . . . do
          forever discharge the other . . . in all capacities, including individually, from any and
18        all actions, liabilities, . . . claims, [etc.] of every kind, nature and description,
          including, but not limited to, tort, arising out of the facts alleged with regard to the
19        Chen Proceeding. The Parties acknowledge and agree that *the foregoing releases
          shall extend to any and all adversary proceedings, proofs of claim or any other claims
20        by or against any Party hereto, their assignors and the Debtor.*
21   Id., ¶ 5 (emphasis added). The settlement also includes a waiver of each party's rights under
22   California Civil Code § 1542. No one appealed from the order approving the Chen settlement.
23   9.  Conversion to Chapter 7 and Discharge of Debtor
24        On September 15, 2006, the court ordered the case converted to chapter 7. Ms. Hoskins
25   continued to serve as Trustee. On June 26, 2007, the court entered Debtor's discharge.
26
27
28        [2]  When appointed to serve as Trustee, Ms. Hoskins' name was Janina M. Elder. Ms.
          Hoskins' name changed from Janina M. Elder to Janina M. Hoskins on December 1, 2010.

-4-

10. <u>Debtor's Unauthorized State-Court Actions Asserting Prepetition Claims Owned by Trustee</u>

On July 2, 2007, without permission of this court or Trustee, Debtor filed an action against Lei and Fu in San Francisco Superior Court[3] (the First State Court Action). That action asserted claims for fraud, quiet title, and conversion based on prepetition events regarding the Chenery Property and Lei's prepetition purchase of real property on 28th Avenue in San Francisco.

On July 26, 2007, Trustee removed the First State Court Action to this court.[4] On January 8, 2008, this court dismissed with prejudice the claims asserted against Fu in the removed action on the grounds that they were barred by the preclusive effect of the Bankruptcy Court Judgment. The court dismissed Debtor's claims against Lei without prejudice on the basis that they could only be asserted by Trustee.

On September 24, 2007, Yan filed another action against Lei and Fu in San Francisco Superior Court, this one for libel and slander, based upon postpetition, postconversion statements allegedly made by the defendants (the Second State Court Action).[5] Although the original complaint in the Second State Court Action alleged only claims arising postconversion, Debtor's second amended complaint filed in March 2010 alleges only prepetition claims for breach of fiduciary duty, unjust enrichment, and fraudulent transfer. Each claim in the second amended complaint arises out of prepetition conduct re the Chenery Property--the same nucleus of operative facts as that involved in the Bankruptcy Court Judgment.[6] The second amended complaint in the Second State Court Action attempts to skirt the prepetition nature of the claims by alleging that Debtor did not discover the facts underlying his claims until November 2006. As of February 2011, the Second State Court Action is still pending.

---

[3] Case No. 07-464671.

[4] Adv. Proc. No. 07-3082.

[5] Case No. 07-467500.

[6] Debtor filed the second amended complaint after the court entered the order abandoning prepetition claims to Debtor. However, his filing of the second amended complaint was wrongful, because the complaint asserts only prepetition claims that were released by Trustee or barred by the preclusive effect of the Bankruptcy Court Judgment. *See infra* p. 11.

-5-

1    On January 24, 2008, again without permission of this court or Trustee, Debtor filed another

2    action against Lei and Fu in the San Francisco Superior Court (the Third State Court Action).[7] The

3    complaint alleges that, sometime before February 2001, Debtor hired Lei and Fu to provide

4    construction services at 547 23rd Avenue and the Chenery Property, that Debtor paid Lei and Fu for

5    such services, and that Debtor was entitled to recoup such payments under state law because Lei and

6    Fu were not licensed contractors.  On July 16, 2008, Debtor dismissed this action without prejudice.

7    11. Trustee's Settlements with Suen and Lei

8        On March 4, 2008, the court approved Trustee's settlement with Suen,[8] which was read into

9    the record at a mediation before Magistrate Judge Edward Chen in February 8, 2008.  The Suen

10   settlement provides that the parties mutually agree to waive:

11       any and all claims arising out of this particular transaction [Chenery Property], that is,
         the subject matter of this case and . . . include[s] *a waiver of all claims known or*
12       *unknown arising up through and including today,* and the parties would waive their
         rights under California Civil Code section 1542.
13
     (emphasis added).  No appeal was taken from the order approving the settlement.
14
         On May 29, 2008, the court approved a settlement between Trustee and Lei.  The Lei
15
     settlement agreement required Trustee to pay Lei $45,000 in satisfaction of Lei's proofs of claim and
16
     included broad, mutual releases of all claims (known and unknown) by Lei and Trustee.  Agmt, ¶¶ 2,
17
     4-5.  The release provides in relevant part:
18
         the respective Parties to this Agreement, each acting on her own behalf . . . do forever
19       discharge the other . . . in all capacities, including individually, from *any and all*
         *actions, liabilities, liens, debts, damages, torts, claims, suits, judgments, executions*
20       *and demand of every kind, nature and description, arising in the Case, and relating to*
         *the assets, liabilities and administration of the Case and Estate.*  The Parties
21       acknowledge and agree that the foregoing releases extend to adversary proceedings
         and proofs of claim in the Case.
22
     Id., ¶ 4 (emphasis added).  The Lei settlement includes a waiver of California Civil Code § 1542, and
23
     a clause entitling the prevailing party to recover attorneys fees related to enforcement of the
24
     settlement.  Id., ¶ 12.  No one appealed from the order approving the Lei settlement.
25
         Thus, by June 2008, Trustee had released all of the estate's prepetition claims against Chen,
26
     Suen, and Lei.
27
     _____
28
         [7]  Case No. 08-471333.

         [8]  Docket No. 299, Case No. 04-33526.

                                          -6-

1  12. State Court Action by Debtor's Father

2         On August 7, 2008, Debtor's father Cheuk Yan (Debtor's Father) filed an action against Lei

3  and Fu for fraud, quiet title, conversion, and unjust enrichment in the San Francisco Superior Court

4  (the Cheuk Yan Action).[9]  The complaint is virtually identical to the complaint filed by Debtor in the

5  First State Court Action and concerns the same prepetition events regarding the Chenery Property.

6  The only material difference between the First State Court Action and the Cheuk Yan Action is the

7  substitution of Debtor's Father for Debtor as plaintiff.

8         At a deposition, Debtor's Father testified that: (1) he did not know Lei; (2) he did not believe

9  Lei owed him money; (3) he was unaware of the majority of the factual allegations in the complaint

10 filed in the Cheuk Yan Action; (4) that he cannot read or write English; and (5) that he had not read

11 any of the pleadings he filed, and just signed the pleadings because Debtor told him to.[10]

12 13. Approval of Final Account and Payment of All Claims

13        On March 18, 2009, this court approved Trustee's final account, which provided for payment

14 of all allowed claims in full with interest.  On April 9, 2009, the court entered an order authorizing

15 Trustee to make distributions on the final account, and requiring Trustee to retain all surplus funds

16 (approximately $380,000) pending a determination on a disputed claim.

17 14. Abandonment of Prepetition Claims to Debtor

18        On June 15, 2009, the court entered an order abandoning to Debtor the bankruptcy estate's

19 interest in all prepetition causes of action.  The court did so because Trustee stipulated to

20 abandonment, and because the estate appeared to have a surplus after payment of allowed claims.[11]

21 15. Fu Defamation Action and Debtor's Cross-Claims (Adv. Proc. No. 10-3152)

22        On July 6, 2010, Fu filed a complaint against Debtor in San Francisco Superior Court[12]

23 seeking damages for a defamatory statement Debtor allegedly made about Fu in 2010 (the Fu

24 _____

25        [9]  Case No. 08-478364.  On January 7, 2011, the Superior Court signed an order
   consolidating he Cheuk Yan Action with the Second State Court Action and Superior Court Case
26 No. 08-478815.  *See infra* p. 11 note 15.

27        [10]  Docket No. 21, Exh. I, Adv. Proc. No. 10-3149.

28        [11]  The order inadvertently was entered in *Fu v. Yan*, Adv. Proc. 08-3166, rather than in
   main bankruptcy case.

       [12]  Case No. 10-501321.

                                         -7-

Defamation Action). In response, Debtor filed cross-claims against Fu, Chen, Lei, Wei Suen, and Bryant Fu, asserting three claims involving acts committed before Debtor's December 19, 2004 bankruptcy petition.

In his cross-claim for intentional of emotional distress, Debtor alleges that, "from 2000 to 2010," Fu, Lei, and Chen conspired to cause Debtor extreme emotional distress by fraudulently inducing Debtor to give Fu trust deeds and promissory notes, by wrongfully instigating foreclosure actions on those deeds, by withholding and concealing business information, by defrauding Debtor in joint development projects, by taking delivery of construction material without paying for it, and by causing Debtor's bankruptcy. The cross-claim does not allege with specificity any act by defendants occurring after the December 19, 2004 petition date.

Debtor's cross-claim for breach of fiduciary is based on a 1997 joint venture between Debtor and Fu to develop real property, including the Chenery Property. The cross-complaint alleges, *inter alia*, that "from 2002 to July 2010," Fu, Lei, and Chen acted in concert to deprive Debtor of his just share of the Chenery Property sale proceeds and profits.

Debtor's cross-claim for fraudulent transfer vaguely alleges that, around the year 2000, Fu and Lei divorced as a ploy to shield their assets from Fu's creditors. The claim further alleges that Fu transferred real property to Lei at the time of their divorce, and that Fu fraudulently transferred to "the other Defendants" possession of his moneys, causes of action, contacts, agreements, and other properties.

On August 31, 2010, Chen removed the Fu Defamation Action to this court on the basis that the cross-claims alleged by Debtor: (a) affect property of the estate; (b) involve prepetition claims that can be brought only by Trustee; (c) attack the integrity of final judgments issued by this court; and (d) are barred by the doctrines of claim and issue preclusion.

On September 24, 2010, Lei, Suen, and Bryant Fu filed a Rule 12(b)(6) motion to dismiss the cross-claims for intentional infliction of emotional distress and breach of fiduciary duty on the bases that they are barred by the statute of limitations and that they fail to allege the existence of a fiduciary relationship.

-8-

1    On September 28, 2010, Tony Fu filed a Rule 12(b)(6) motion to dismiss on the grounds that

2   the counterclaims against him are barred by the statute of limitations, claim preclusion, issue

3   preclusion, and fail to state a claim upon which relief can be granted.

4    On September 30, 2010, Debtor filed a motion to abstain and remand, arguing that this court

5   lacks subject-matter jurisdiction because the claims arose postpetition.

6    On October 14, 2010, Chen filed a Rule 12(b)(6) motion to dismiss Debtor's cross-claims on

7   the basis that those claims are barred by of claim preclusion, issue preclusion, and by the release

8   contained in the settlement agreement between Chen and Trustee.

9   16.  Lei Adversary Proceeding (Adv. Proc. 10-3149)

10    On August 27, 2010, Lei filed a complaint against Debtor in this court (the Lei Action)

11  seeking: (1) to enjoin Debtor and Debtor's Father from asserting against her any prepetition claims

12  released by the bankruptcy estate; (2) a judicial determination that claims asserted by Debtor and

13  Debtor's Father in state court are prepetition claims released by the estate; and (3) damages for

14  Debtor's alleged breach of the settlement agreement between Lei and Trustee.

15    The prayer in the Lei Action seeks numerous judicial determinations, including, *inter alia*:

16  (1) that Debtor has committed fraud on the court; (2) that Debtor and Debtor's Father have no

17  ownership in the real property at 337 28th Avenue[13] and that Debtor wrongfully placed a lien on such

18  property; (3) that Debtor's Father has no ownership interest in the Chenery Property; (4) that

19  Debtor's lawsuits against Lei have caused her financial and emotional harm; (5) that Debtor is in

20  contempt of court by "again and again litigating the Chenery Project"; and (6) that Debtor has failed

21  to obtain leave of court to sue Lei on prepetition claims that belong to the estate.  The prayer also

22  seeks attorneys fees, costs, and exemplary damages.

23    Debtor filed a Rule 12(b) motion to dismiss the Lei Action on the following grounds:

24  (1) the complaint fails to state a claim for upon which relief can be granted for injunctive and

25  declaratory relief, because this court abandoned all prepetition claims to Debtor; (2) Lei cannot

26

27  _____

28  [13]  This real property was not scheduled by Debtor as property of the estate.  Lei claims that
     Trustee removed a lien placed by Debtor on this real property as part of Lei's settlement with
     Trustee.  The settlement does not mention this real property.

-9-

1  recover for damages for breach of Lei's settlement agreement with Trustee, because Debtor is not a
2  party to that agreement; (3) the court lacks subject-matter jurisdiction to determine the claims; and
3  (4) the court lacks personal jurisdiction over Debtor's Father.

4  **DISCUSSION**

5  1.  <u>Determination to Vacate Order Abandoning Assets to Debtor</u>

6          On June 15, 2009, this court entered an order abandoning the remaining assets of the estate to
7  Debtor.  The court did so because the estate appeared to be solvent, and because Trustee did not
8  object.[14]

9          This court now determines that the order for abandonment should be vacated.  As an exercise
10  of its discretion under 11 U.S.C. § 554(c), this court also determines that the prepetition claims that
11  passed to the estate on the petition date should not be abandoned to Debtor upon the closing of the
12  case.  The court takes these two steps for the following reasons.

13          First, Debtor improperly attempted to assert prepetition claims that belonged to the estate
14  *after* a trustee had been appointed and *before* those claims were abandoned to Debtor.  Ms. Hoskins
15  was appointed as chapter 11 trustee on May 12, 2006, and has continued to serve as the chapter 7
16  trustee since the court converted the case on September 15, 2006.  Once Trustee was appointed,
17  Debtor lost all authority to bring the prepetition claims at issue.  11 U.S.C. §§ 323, 541, 704, 1106.
18  Yet after Trustee was appointed, Debtor filed at least two state court actions asserting prepetition
19  claims that could be brought only by Trustee.[15]  Debtor's assertion of prepetition claims after
20  appointment of a trustee constituted a violation of the automatic stay, as it constituted an attempt to
21  exert control over property of the estate.  11 U.S.C. § 362(a)(3).

22  _____

23          [14]  As set forth above, on April 9, 2009, the court entered an order approving Trustee's
      final account and authorizing her to pay all allowed claims in full with interest.  After
24      that distribution, the trustee had $380,000 in surplus funds.

25          [15]  The First State Court Action was filed on July 2, 2007.  The Third State Court Action was
      filed and January 24, 2008.  Both of these Actions were filed after Trustee's appointment and prior
26      to this court's abandonment of prepetition claims to Debtor on June 15, 2009.  Although not raised
      by the parties, the court discovered on the docket of the Second State Court Action a possible third
27      action filed by Debtor prior to entry of the order abandoning prepetition claims to him, in which
      Debtor asserts claims against Siu Ma, Charles Li, and Tony Fu based on prepetition conduct (San
28      Francisco Superior Court Case No. 08-478815).  That action was filed on August 19, 2008, which is
      after appointment of the Trustee and prior to entry of the order abandoning claims to Debtor.

-10-

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 37 of
57

Second, Debtor asserted prepetition claims against Lei, Suen, and Chen after those claims had been released by Trustee. With the express permission of this court, Trustee executed settlement agreements with Chen in July 2006, Suen in March 2008, and Lei in May 2008. Each of the settlement agreements contained broad releases that included all prepetition claims that had passed from Debtor to the bankruptcy estate on the petition date. Yet in March 2010, Debtor asserted prepetition claims against Lei in his second amended complaint in the Second State Court Action, and in August 2010 asserted prepetition claims against Lei, Suen, and Chen in the Fu Defamation Action.

Third, Debtor asserted prepetition claims against Fu that were barred by the Bankruptcy Court Judgment, and then asserted the same claims a second time after this court had dismissed Debtor's prepetition claims as barred. On January 8, 2008, this court dismissed with prejudice the claims that Debtor asserted against Fu in the First State Court Action (which had been removed to this court). This court determined that the claims asserted in that action concerned the Chenery Property, that those claims had been adjudicated in the Bankruptcy Court Judgment, and that those claims were thus barred by principles of claim and issue preclusion. Less than three weeks later, Debtor filed the Third State Court Action, in which Debtor once again asserted claims against Fu concerning the Chenery Street project. Debtor alleged these same claims yet again in 2010 as counterclaims to Fu's postpetition defamation claim.

Fourth, I find that the acts described above were not the product of good faith mistake. Debtor is not ignorant of the law. He attended law school, has been a member of the California Bar since December 1, 2008, and has been representing himself in this case since October 2006. The fact that Debtor's assertion of prepetition claims was wrongful in three separate ways (asserting claims that belonged to Trustee, that had been released, and that previously had been adjudicated against him) makes it difficult to find that any of the three types of wrong was the product of good faith mistake.

Fifth, it is essential to the proper administration of bankruptcy cases that a trustee have power to administer assets of the estate free from interference by the debtor. Both the estate and affected creditors will be harmed if a trustee is unable to give an effective release of claims belonging to the

-11-

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 38 of 57

estate as part of a court-approved settlement. The estate will be harmed in negotiating settlements of claims belonging to the estate if a debtor is not strictly barred from asserting the same claims that have been settled by a trustee.

Sixth, Chen, Lei, Suen, and Fu have submitted their claims to this court for resolution. It is appropriate for this court to take all appropriate acts to enforce the rights those parties have established in litigation or by settlement with Trustee. I determine that it will be easier for those parties to enforce their rights against Debtor if Debtor is barred from bringing any prepetition claims that passed to the estate.[16] This is so, because it may be easier for another court in which Debtor may bring a subsequent claim to determine whether Debtor asserts claims arising before the petition date than to determine whether Debtor asserts claims barred by some other doctrine.

In determining that prepetition claims that passed to the estate should not be abandoned to this Debtor now or upon closing of the case, I note and rely upon the misconduct described above, the lack of any reason to believe that the acts in question were the result of a good faith mistake, the deterrent effect on Debtor and others that may result from barring abandonment of the claims to Debtor, and the ease in enforcement of their rights that may accrue to the parties most aggrieved by Debtor's misconduct (Chen, Lei, Suen, and Tony Fu) as a result of barring such abandonment.

2. Debtor's Motion to Dismiss the Lei Action

In Lei v. Yan, Adv. Proc. No. 10-3149, the court currently has before it Debtor/Defendant Yan's Rule 7012(b) motion to dismiss.

The court denies Debtor's motion to dismiss for lack of subject-matter jurisdiction, denies Debtor's motion to dismiss the claims for injunctive and declaratory relief for failure to state a claim, and grants Debtor's motion to dismiss Lei's claim for damages to the extent that claim depends upon Trustee's settlement agreement with Lei.

a. Subject-Matter Jurisdiction

This court has "related to," "arising in," and "arising under" jurisdiction to determine Lei's affirmative claims for injunctive relief, declaratory judgment, and damages. 28 U.S.C. § 1334(b).

---

[16] Chen, Lei, Suen, and Fu are barred from asserting prepetition claims against Debtor by virtue of the discharge Debtor was granted on June 26, 2007. There is no evidence before the court that these creditors have in any way violated that discharge.

-12-

The court has "related to" jurisdiction over these claims, because their adjudication requires this court to determine whether the legal claims Debtor asserts against Lei in various state-court actions arose prepetition and passed to the bankruptcy estate pursuant to 11 U.S.C. § 541. The resolution of legal claims owned by the estate conceivably could have an effect on the estate's rights and liabilities. Fietz v. Great Western Savings (In re Fietz), 852 F.2d 455, 457-58 (9th Cir. 1988); Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984).

The court has "arising in," and "arising under," jurisdiction over the claims for relief brought by Lei, because Trustee's power to administer the estate includes the power to settle prepetition claims of Debtor that pass to the estate, because it is essential to the *effective* administration of the estate that Trustee be able to prevent Debtor from prosecuting claims that have settled by Trustee, and because section 105 of the Bankruptcy Code provides that a bankruptcy court may issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

    b. <u>Claims for Injunctive and Declaratory Relief</u>

The court denies Debtor's motion to dismiss Lei's claims for injunctive and declaratory relief. The claim for injunctive relief states a claim upon which relief can be granted, because the complaint alleges that Debtor is attempting to prosecute against Lei prepetition legal claims that passed to the bankruptcy estate and were released by the trustee. The claim for declaratory relief states a claim upon which relief can be granted, because the complaint alleges that a dispute currently exists between Lei and Debtor regarding whether the state-court actions Debtor is pursuing assert prepetition claims of Debtor that became property of the bankruptcy estate and were released by Trustee.[17]

---

[17] The court does not enter injunctive and declaratory relief at this time, because the only motion pending before the court is Debtor's Rule 12(b)(6) motion to dismiss. The court notes, however, that such relief would likely to granted on summary judgment, because there appears to be no dispute regarding the validity or scope of the release, and because Debtor's pleadings in the State Court Actions and the Fu Defamation Action indicate that Debtor is asserting prepetition claims that have been released by Trustee.

-13-

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 40 of 57

1    c. Claim for Damages for Breach of the Settlement Agreement

2    The court grants with prejudice Debtor's motion to dismiss Lei's claims for damages to the

3    extent the claim for damages is based upon Debtor's breach of the settlement agreement, because

4    Debtor was not a party to the settlement agreement Lei seeks to enforce.[18]

5    3. Fu Defamation Action: Motions to Dismiss Cross-Claims; Motion to Remand

6        In Fu v. Yan, Adv. Proc. No. 3152, the court currently has before it motions by cross-

7    defendants Chen, Lei, Suen, Tony Fu, and Bryant Fu to dismiss Debtor's cross claims for failure to

8    state a claim upon which relief can be granted. The court also has before it Debtor's motion to

9    remand the Fu Defamation Action to state court.

10        The court construes the motions of Chen, Lei, and Suen as motions for summary judgment,

11    because their motions rely upon the release of claims granted by Trustee and approved by this court,

12    and because the release and order are not incorporated by reference into the cross complaint.[19] The

13    court grants the motions for summary judgment, because the cross-complaint itself reveals that it

14    asserts prepetition claims, and because Trustee's release of such claims is a matter of public record.

15    The court grants Tony Fu's motion to dismiss Debtor's counterclaims against him, because those

16    claims are barred by principles of issue and claim preclusion, and because the counterclaims assert

17    prepetition claims that passed to the bankruptcy estate and can be prosecuted only by Trustee. The

18    court grants Bryant Fu's motion to dismiss, on the basis that the cross-claim against him is also a

19    prepetition claim that can be prosecuted only by Trustee.

20

21

22

23    [18]  The complaint attaches the settlement agreement and related order as exhibits. In ruling
      upon a motion to dismiss, the court may consider the contents of these documents, because the
24    authenticity of the documents is not contested. Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.
      1998); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in Galbraith
25    v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)). The court may consider such
      documents without converting the motion to dismiss into a motion for summary judgment. Knievel
26    v. ESPN, 393 F.3d 1068, 1076-66 (9th Cir. 2005).

27    [19]  Only Chen moved to dismiss the cross claims on the basis of the release. Because the
      court grants the motions to dismiss to with leave to amend, and because Trustee's releases of claims
28    against Lei and Suen are similar to Trustee's release of claims against Chen, the court raises on its
      own motion the effect of Trustee's releases of Lei and Suen.

-14-

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 41 of
57

### a. Prepetition Nature of Legal Claims

I determine that the cross-claims alleged by Debtor in the Fu Defamation Action arose prepetition, notwithstanding Debtor's artful pleading, because the only events specified in the cross-complaint occurred prepetition (the Yan-Fu joint venture, 1997; development of the Chenery Property, 2000; alleged fraudulent transfer of assets, 2000), and because Debtor could fairly or reasonably contemplate the claims' existence prior to the petition date. In re Heilman, 430 B.R. 213 (9th Cir. BAP 2010). All legal claims that Debtor possessed on the petition date passed to the bankruptcy estate. 11 U.S.C. § 541(a). Once a trustee was appointed, that Trustee became the sole agent of the estate with authority to prosecute prepetition claims of Debtor on behalf of the estate. 11 U.S.C. §§ 323, 541, 704, 1106.

### b. Effect of Trustee's Releases (Chen, Suen, Lei)

The cross-claims that Debtor asserts against Chen, Suen, and Lei have been extinguished by Trustee's prior release of those claims. Trustee entered settlement agreements with Chen, Suen, and Lei that provided for a release of all known and unknown claims between the parties. These releases extinguished the cross-claims Debtor asserts against Chen, Suen, and Lei in the Fu Defamation Action because: (1) those claims were prepetition claims that passed to the bankruptcy estate; (2) those claims were subject to administration by Trustee, (3) Trustee was authorized by a final order of this court to execute settlements agreements with Chen, Suen, and Lei that released those claims; and (4) Trustee executed the settlement agreements on behalf of the estate.

### c. Preclusive Effect of the Bankruptcy Court Judgment (Tony Fu)

The counterclaims that Debtor asserts against Tony Fu are barred by the Bankruptcy Court Judgment. In the adversary proceeding that led to that Judgment, Debtor sought damages from Fu for acts concerning the joint venture to develop the Chenery Property, and the court determined that Debtor was not entitled to any relief against Fu. Debtor's counterclaims in the Fu Defamation Action concern the Chenery Property joint venture, and thus involve the same transactions at issue in the adversary proceeding. Because the Bankruptcy Court Judgment found that Fu had no liability to Debtor from that transaction, and because that Judgment was not disturbed on appeal and is now final, the counterclaims alleged by Debtor against Fu in the Fu Defamation Action are barred by the

-15-

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 42 of 57

principles of claim preclusion and issue preclusion.  E.g., Taylor v. Sturgell, 553 U.S. 880, 892 (2008); U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008).  In addition, the counterclaims are prepetition claims that only Trustee can prosecute.

d. Bryant Fu's Motion to Dismiss

The court grants Brynt's Fu's Rule 7012(b)(6) motion to dismiss, because the cross-claim alleged against him for fraudulent transfer is a prepetition claim that only Trustee can prosecute.

e. Leave to Amend

The court is left with the strong impression that the counterclaims and cross-claims alleged by Debtor in the Fu Defamation Action arise from prepetition conduct, and are thus prepetition claims that have been released by Trustee or that only Trustee has standing to assert.  The court grants Debtor ten days leave to file an amended complaint *in this court* that specifies *with particularity* the *postpetition nature* of Debtor's claims against the Defendants.  The court will require Defendants to file a response to the amended cross-complaint only if the amended cross-complaint alleges postpetition claims.  To the extent the amended cross-complaint alleges prepetition claims, the court will enter an order dismissing the action without further leave to amend.  If the amended cross- complaint alleges only postpetition state-law claims, the court will remand such claims to the state court.

f. Debtor's Motion to Remand

Fu's complaint for defamation likely should be remanded to state court, because this court lacks independent subject-matter jurisdiction over Fu's postpetition state-law claim, but because Debtor's cross-claims could soon be dismissed without leave to amend, the court will wait until it has dealt with any proferred amendments to the cross-complaint before issuing any order on Debtor's motion to remand.

**\*\*END OF MEMORANDUM\*\***

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 43 of 57

# Exhibit D



Signed and Filed: December 2, 2011

THOMAS E. CARLSON U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                                        ) Case No. 04-33526 TEC
                                             )
DEMAS WAI YAN,                               ) Chapter 7
aka DENNIS YAN,                              )
                                             )
                    Debtor.                  )
                                             )
_____      )
                                             )
TONY FU,                                     ) Adv. Proc. No. 08-3166 TC
                                             )
                    Plaintiff,               )
                                             )
                                             ) Date: January 6, 2012
    vs.                                      ) Time: 9:30 a.m.
                                             ) Ctrm: Hon. Thomas E. Carlson
DEMAS YAN and                                )       235 Pine Street
CHEUK TIN YAN,                               )       San Francisco, CA
                                             )
                    Defendants.              )
                                             )

### ORDER RE TONY FU'S MOTION FOR CONTEMPT AND SANCTIONS

On December 2, 2011, the court held a hearing on Tony Fu's motion for an order re contempt and sanctions (the "Motion for Contempt and Sanctions"). Bryan L. Hawkins appeared for Crystal Lei. Tony Fu appeared in pro per. Demas Yan appeared in pro per. Upon due consideration, and for the reasons stated in the court's memorandum of decision and on the record at the hearing, the court hereby orders as follows:

(1) Demas Yan and Cheuk Tin Yan ("Defendants") are in civil

ORDER RE MOTION FOR
CONTEMPT AND SANCTIONS          -1-

1  contempt for willful violation of the court's order entered on July
2  27, 2011, CM/ECF Docket number 80.

3      (2) If Defendants do not purge their contempt by causing
4  dismissal of the following cases: Yan vs. Lei and Fu, San Francisco
5  Sup. Ct., Case No. CGC 08-478364; Yan v. Ma, Li, and Fu, San
6  Francisco Sup. Ct., Case No. CGC-08-478815; and Yan v. Lei and Fu,
7  San Francisco Sup. Ct., Case No. CGC 07-467500 (collectively the
8  "State-Court Actions") on or before December 12, 2011, then
9  beginning on December 13, 2011, Defendants shall be sanctioned $250
10 per day until such actions are dismissed.

11      (3) If Defendants do not purge the contempt by December 12,
12 2011, the court will hold a status conference on January 6, 2012 at
13 9:30 a.m.  If the contempt has not been purged by the date of the
14 status conference, the court will at that time consider the
15 imposition of additional sanctions, including arrest.

16                          **END OF ORDER**

17
18
19
20
21
22
23
24
25
26
27
28

ORDER RE MOTION FOR
CONTEMPT AND SANCTIONS                 -2-

# Exhibit E

Crystal Lei
337-28th Avenue
San Francisco, CA 94121
Tel:    (415) 221 - 0969
Email: Crystalleija@yahoo.com
Interested party/creditor in Pro Per

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:   DEMAS YAN,  ("Demas") | ) Bankruptcy Court Case No: 04-33526 TEC |
| Debtor | ) Chapter 7 |
| | ) |
| TONY FU, an individual | ) **Adv. Proc. No. 08 – 3166 TC** |
| | ) |
| Plaintiff | ) |
| | ) **CRYSTAL LEI DECLARATION IN** |
| v. | ) **SUPPORT FOR HER MOTION FOR** |
| | ) **ATTORNEY FEES** |
| DEMAS YAN, aka Dennis Yan, an individual, | ) |
| CHEUK TIN YAN, an individual, | ) Date:    November 18, 2013 |
| | ) Time:   9:30 a.m. |
| Defendants. | ) Ctrm:   Hon. Thomas Carlson |
| | )           235 Pine Street, 23rd Floor |
| | )           San Francisco,  CA |

I, Crystal Lei, declare:

1.      My name is Crystal Lei ("Lei").  I submit this declaration in support of my motion for

attorney fees.  I am familiar with the matters stated in this declaration from my own personal

knowledge.  Were I called to testify about these matters, I would be competent to and would do

so.

2.     In defending Demas Yan's bad faith lawsuits, I engaged the law firm called Allen Matkins Leck Gamble Mallory & Natsis LLP and incurred attorney fees in the amount of $282,151.27 of which $211,099.27 was ascribed to San Francisco Superior Court case numbers 08-478364, 08-478815, and 07-467500.

3.     I have compiled the invoices from November 2009 to December 2012 and removed those charges not related to the above mention cases and verified their accuracy in the attached work sheet - Exhibit A.  I am able to provide all invoices and proof of payment made out to the law firm for the court to verify upon request.


       I declare under penalty of perjury under the law of the United State of America the above is true and correct to the best of my personal knowledge, and that this declaration is executed at San Francisco, California, this 16th day of October, 2013.

                              _____
                              Crystal Lei

# Exhibit A

# Allen Matkins Invoices for Yan's San Francisco Superior Court Cases

| Month | 2009 | Month | 2010 | Month | 2011 | Month | 2012 |
|---|---|---|---|---|---|---|---|
| 12 | $ 4,142.19 | 12 | $ 5,722.15 | 12 | $ 1,160.43 | 12 | $ 32,586.85 |
| 11 | $ 6,831.50 | 11 | missing | 11 | $ 275.50 | 11 | $ 15,749.09 |
|  | $ 10,973.69 | 10 | $ 17,470.59 | 10 | $ 7,010.62 | 10 | $ 10,016.31 |
|  |  | 9 | $ 5,209.83 | 9 | $ 3,264.42 | 9 | $ 2,403.88 |
|  |  | 8 | $ 22,622.51 | 8 | $ 1,680.92 | 8 | $ 839.08 |
|  |  | 7 | $ 10,670.51 | 7 | $ 20,842.88 | 7 | missing |
|  |  | 6 | $ 4,349.77 | 6 | $ 13,345.85 | 6 | $ 7,071.18 |
|  |  | 5 | $ 11,073.15 | 5 | $ 4,974.92 | 5 | $ 3,900.37 |
|  |  | 4 | $ 11,521.63 | 4 | $ 5,238.40 | 4 | missing |
|  |  | 3 | $ 7,413.10 | 3 | $ 9,321.80 | 3 | $ 1,849.88 |
|  |  | 2 | $ 5,344.52 | 2 | $ 6,273.35 | 2 | $ 1,299.03 |
|  |  | 1 | $ 18,653.39 | 1 | $ 177.00 | 1 | $ 1,844.67 |
|  |  |  | $ 120,051.15 |  | $ 73,566.09 |  | $ 77,560.34 |

| | |
|---|---|
| 2009 | $ 10,973.69 |
| 2010 | $ 120,051.15 |
| 2011 | $ 73,566.09 |
| 2012 | $ 77,560.34 |
| Total Paid | $ 282,151.27 |

# Exhibit F



Search Cornell

# Legal Information Institute [LII]



SUPPORT LII
GIVE NOW



Search all of LII... | Go

ABOUT LII / GET THE LAW / FIND A LAWYER / LEGAL ENCYCLOPEDIA / HELP OUT

Follow | 10.2K followers    Like | 12k

Supreme Court    ABOUT SEARCH SUBSCRIBE LIIBULLETIN PREVIEWS

SUPREME COURT TOOLBOX

## Chambers v. Nasco, Inc. (90-256), 501 U.S. 32 (1991)

| Syllabus | Dissent | Dissent | Opinion |
|---|---|---|---|
| HTML version WordPerfect version | HTML version WordPerfect version | HTML version WordPerfect version | HTML version WordPerfect version |

Like | One person likes this.
Tweet | 0                    0
2

Comcast® – College Offers
C www.Comcast.com
Get Our Best XFINITY Internet & TV For Only
$79.99/mo. Sign Up Today!

Severance Pay Attorney
www.stoll-law.com/employment-law
We help negotiate severance pay. Want to
improve the offer?

CA Business Formation
INC Incorporate.com/California_Business
Limited Time Offer! Up to 25% Off When You
Start Your Business in CA.    AdChoices ▷
Become an LII sponsor

### Syllabus

*NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See United States v. Detroit Lumber Co., 200 U.S. 321, 337.*

### Syllabus

### CHAMBERS v. NASCO, INC.

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 90-256. Argued February 27, 1991 — Decided June 6, 1991

Petitioner Chambers, the sole shareholder and director of a company that operated a television station in Louisiana, agreed to sell the station's facilities and broadcast license to respondent NASCO, Inc. Chambers soon changed his mind and, both before and after NASCO filed this diversity action for specific performance in the District Court, engaged in a series of actions within and without that court and in proceedings before the Federal Communications Commission, the Court of Appeals, and this Court, which were designed to frustrate the sale's consummation. On remand following the Court of Appeals' affirmance of judgment on the merits for NASCO, the District Court, on NASCO's motion and following full briefing and a hearing, imposed sanctions against Chambers in the form of attorney's fees and expenses totaling almost $1 million, representing the entire amount of NASCO's litigation costs paid to its attorneys. The court noted that the alleged sanctionable conduct was that Chambers had (1) attempted to deprive the court of jurisdiction by acts of fraud, nearly all of which were performed outside the confines of the court, (2) filed false and

STAY INVOLVED

⊕ LII Announce Blog

🏛 LII Supreme Court Bulletin

⊕ MAKE A DONATION
⊕ CONTRIBUTE CONTENT
⊕ BECOME A SPONSOR
⊕ GIVE FEEDBACK

All lawyers

Become an LII sponsor

Case: 08-03166   Doc# 130   Filed: 10/17/13   Entered: 10/21/13 11:04:51   Page 53 of 57
8/26/2013 6:57 AM

frivolous pleadings, and (3) "attempted, by other tactics of
delay, oppression, harassment and massive expense to reduce
[NASCO] to exhausted compliance." The court deemed Federal
Rule of Civil Procedure 11 — which provides for the imposition
of attorney's fees as a sanction for the improper filing of papers
with a court — insufficient to support the sanction against
Chambers, since the Rule does not reach conduct in the
foregoing first and third categories, and since it would have
been impossible to assess sanctions at the time the papers in the
second category were filed because their falsity did not become
apparent until after the trial on the merits. The court likewise
declined to impose sanctions under 28 U.S.C. 1927 both because
the statute's authorization of an attorney's fees sanction applies
only to attorneys who unreasonably and vexatiously multiply
proceedings, and therefore would not reach Chambers, and
because the statute was not broad enough to reach "acts which
degrade the judicial system." The court therefore relied on its
inherent power in imposing sanctions. In affirming, the Court of
Appeals, *inter alia*, rejected Chambers' argument that a federal
court sitting in diversity must look to state law, not the court's
inherent power, to assess attorney's fees as a sanction for
bad-faith conduct in litigation.

*Held:* The District Court properly invoked its inherent power in
assessing as a sanction for Chambers' bad-faith conduct the
attorney's fees and related expenses paid by NASCO. Pp. 8-24.

(a) Federal courts have the inherent power to manage their own
proceedings and to control the conduct of those who appear
before them. In invoking the inherent power to punish conduct
which abuses the judicial process, a court must exercise
discretion in fashioning an appropriate sanction, which may
range from dismissal of a lawsuit to an assessment of attorney's
fees. Although the "American Rule" prohibits the shifting of
attorney's fees in most cases, see *Alyeska Pipeline Service Co.*
v. *Wilderness Society*, 421 U.S. 240, 259, an exception allows
federal courts to exercise their inherent power to assess such
fees as a sanction when a party has acted in bad faith,
vexatiously, wantonly, or for oppressive reasons, *id.*, at
258-259, 260, as when the party practices a fraud upon the
court, *Universal Oil Products Co.* v. *Root Refining Co.*, 328 U.S.
575, 580, or delays or disrupts the litigation or hampers a court
order's enforcement, *Hutto* v. *Finney*, 437 U.S. 678, 689, n. 14.
Pp. 9-12.

(b) There is nothing in 1927, Rule 11, or other Federal Rules of
Civil Procedure authorizing attorney's fees as a sanction, or in
this Court's decisions interpreting those other sanctioning
mechanisms, that warrants a conclusion that, taken alone or
together, the other mechanisms displace courts' inherent power
to impose attorney's fees as a sanction for badfaith conduct.
Although a court ordinarily should rely on such rules when there

Case: 08-03166    Doc# 130    Filed: 10/17/13    Entered: 10/21/13 11:04:51    Page 54 of
57

is bad-faith conduct in the course of litigation that could be
adequately sanctioned under the rules, the court may safely
rely on its inherent power if, in its informed discretion, neither
the statutes nor the rules are up to the task. The District Court
did not abuse its discretion in resorting to the inherent power in
the circumstances of this case. Although some of Chambers'
conduct might have been reached through the other sanctioning
mechanisms, all of that conduct was sanctionable. Requiring the
court to apply the other mechanisms to discrete occurrences
before invoking the inherent power to address remaining
instances of sanctionable conduct would serve only to foster
extensive and needless satellite litigation, which is contrary to
the aim of the rules themselves. Nor did the court's reliance on
the inherent power thwart the mandatory terms of Rules 11 and
26(g). Those Rules merely require that "an appropriate sanction"
be imposed, without specifying *which* sanction is required. *Bank
of Nova Scotia* v. *United States*, 487 U.S. 250, distinguished.
Pp. 12-17.

(c) There is no merit to Chambers' assertion that a federal court
sitting in diversity power cannot use its inherent power to assess
attorney's fees as a sanction unless the applicable state law
recognizes the "bad-faith" exception to the general American
Rule against fee shifting. Although footnote 31 in *Alyeska* tied a
diversity court's inherent power to award fees to the existence
of a state law giving a right thereto, that limitation applies only
to fee-shifting rules that embody a substantive policy, such as a
statute which permits a prevailing party in certain classes of
litigation to recover fees. Here the District Court did not
attempt to sanction Chambers for breach of contract, but rather
imposed sanctions for the fraud he perpetrated on the court and
the bad faith he displayed toward both NASCO and the court
throughout the litigation. The inherent power to tax fees for
such conduct cannot be made subservient to any state policy
without transgressing the boundaries set out in *Erie R. Co.* v.
*Tompkins*, 304 U.S. 64, *Guaranty Trust Co.* v. *York*, 326 U.S.
99, and *Hanna* v. *Plumer*, 380 U.S. 460, for fee shifting here is
not a matter of substantive remedy, but is a matter of
vindicating judicial authority. Thus, although Louisiana law
prohibits punitive damages for a bad-faith breach of contract,
this substantive state policy is not implicated. Pp. 17-21.

(d) Based on the circumstances of this case, the District Court
acted within its discretion in assessing as a sanction for
Chambers' bad-faith conduct the entire amount of NASCO's
attorney's fees. Chambers' arguments to the contrary are
without merit. First, although the sanction was not assessed
until the conclusion of the litigation, the court's reliance on its
inherent power did not represent an end run around Rule 11's
notice requirements, since Chambers received repeated timely
warnings both from NASCO and the court that his conduct was

sanction able. Second, the fact that the entire amount of fees was awarded does not mean that the court failed to tailor the sanction to the particular wrong, in light of the frequency and severity of Chambers' abuses of the judicial system and the resulting need to ensure that such abuses were not repeated. Third, the court did not abuse its discretion by failing to require NASCO to mitigate its expenses, since Chambers himself made a swift conclusion to the litigation by means of summary judgment impossible by continuing to assert that material factual disputes existed. Fourth, the court did not err in imposing sanctions for conduct before other tribunals, since, as long as Chambers received an appropriate hearing, he may be sanctioned for abuses of process beyond the courtroom. Finally, the claim that the award is not "personalized" as to Chambers' responsibility for the challenged conduct is flatly contradicted by the court's detailed factual findings concerning Chambers' involvement in the sequence of events at issue. Pp. 21-24.

894 F. 2d 696, affirmed.

*White, J.*, delivered the opinion of the Court, in which *Marshall, Blackmun, Stevens,* and *O'Connor, JJ.*, joined. *Scalia, J.*, filed a dissenting opinion. *Kennedy, J.*, filed a dissenting opinion, in which *Rehnquist, C. J.*, and *Souter, J.*, joined.

Case: 08-03166     Doc# 130     Filed: 10/17/13     Entered: 10/21/13 11:04:51     Page 56 of 57

8/25/2013 6:57 AM

## PROOF OF SERVICE

Case: **Adv. 08-03166**

I am a legal resident of the United States, over the age of eighteen, not a party to this action. My business address One Bush Street, San Francisco, CA 94104.

On October 16, 2013, I served the attached:

**NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST DEMAS YAN AND CHEUK TIN YAN**

On the interested parties as follows:

DEMAS. YAN
Defendant and Attorney for Cheuk-Tin Yan
425 Market Street, Suite 2200
San Francisco, CA 94105


___X___ BY FIRST CLASS MAIL: On the interested party named above in said cause, by placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, in the United States mail at <u>Postal Office, San Francisco</u> addressed as the above:

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 16, 2013, at San Francisco, California.


Stacy Tam_____