Signed and Filed: May 9, 2014

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN,<br><br>                  Debtor.<br>_____<br>TONY FU,<br><br>                  Plaintiff,<br><br>    v.<br><br>DEMAS YAN and CHEUK TIN YAN,<br><br>                  Defendants.<br>_____ | Case No. 04-33526 TEC<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 08-3166 TEC |

**MEMORANDUM RE MOTION FOR ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST DEMAS YAN AND CHEUK TIN YAN**

On November 18, 2013, the court held a hearing on Crystal Lei's Motion for Attorney Fees and Punitive Damages Against Demas Yan and Cheuk Tin Yan (the Motion). Lei appeared at the hearing <u>in pro per</u>. Demas Yan and Cheuk Tin Yan filed a joint opposition to the Motion, but did not appear at the hearing.

The Motion concerns three post-petition lawsuits that the Yans filed against Lei in state court. Lei contends that these lawsuits were property of the bankruptcy estate that could be asserted only

MEMORANDUM RE MOTION FOR
ATTORNEY FEES AND PUNITIVE
DAMAGES AGAINST DEMAS YAN
AND CHEUK TIN YAN                           -1-

by the trustee, because they arose from pre-petition events.  Lei also contends that prosecution of the lawsuits was wrongful because this court had previously approved a settlement in which the trustee released all of the estate's pre-petition claims against Lei.  Lei seeks to have this court award fees for violation of the automatic stay, and under the court's inherent power to impose sanctions for bad-faith litigation conduct.  Upon due consideration, and for the reasons stated below, I determine that attorneys fees cannot be awarded under either theory asserted by Lei.

**BACKGROUND**

1. <u>The Parties</u>.  Defendant Demas Yan (Yan) filed for chapter 11 bankruptcy protection in 2004.  At the time of filing, he became a debtor in possession authorized to act on behalf of the bankruptcy estate.  At all times relevant here, Yan was an attorney licensed to practice before this court and in the State of California.[1]  He has represented himself in this bankruptcy since 2006, and he has represented both businesses and individuals in approximately 50 bankruptcy cases in this district since 2008.

Defendant Cheuk Tin Yan is the father of Debtor Demas Yan.  He was nominally the Plaintiff in one of the state-court actions filed against Ms. Lei.  This court previously found that all of the acts ostensibly performed by Cheuk Tin Yan were initiated and directed by Demas Yan, and for the purpose of the present Motion, I

---

[1] In October 2013, Yan was suspended by the State Bar of California for two years (one year stayed, one year immediate suspension), and subjected to probation for three years.

**MEMORANDUM RE MOTION FOR ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST DEMAS YAN AND CHEUK TIN YAN** -2-

determine that Demas Yan perpetrated the acts in question. See fn. 4, below.

Moving party Crystal Lei is a pre-petition creditor of Yan's bankruptcy estate. Lei's claim arose out of real estate ventures that she and her former husband, Tony Fu, entered into with Yan. The parties were litigating in state court at the time Yan filed bankruptcy.

2. <u>Appointment of a Trustee</u>. In 2006, this court appointed a chapter 11 trustee (the Trustee) to administer the bankruptcy estate, thereby divesting Yan of any authority to act on behalf of the estate. The estate includes all legal claims Yan had on the petition date arising out of pre-petition events or conduct. The Trustee has continued to administer the bankruptcy estate through its conversion to chapter 7 and into the present. The assets of the estate have been liquidated and all allowed claims have been paid in full with interest.

3. <u>Trustee's Settlement with Lei</u>. In May 2008, the court approved a settlement agreement between Trustee and Lei (the Settlement). The Settlement required Trustee to pay Lei $45,000 in satisfaction of Lei's two filed pre-petition claims, and included broad mutual releases of all known and unknown claims of Lei and Trustee. The release provides in relevant part:

> the respective Parties to this Agreement, each acting on her own behalf ... do forever discharge the other ... in all capacities, including individually, from any and all actions, liabilities, liens, debts, damages, torts, claims, suits, judgments, executions and demand of every kind, nature and description, arising in the Case, and relating to the assets, liabilities and administration of the Case and Estate. The Parties acknowledge and agree that the foregoing

**MEMORANDUM RE MOTION FOR**
**ATTORNEY FEES AND PUNITIVE**
**DAMAGES AGAINST DEMAS YAN**
**AND CHEUK TIN YAN** -3-

releases extend to adversary proceedings and proofs of claim in the Case.

The Settlement includes a waiver of California Civil Code section 1542, and contains a clause entitling the prevailing party to recover attorney fees related to enforcement of the Settlement. Yan himself was not a party to the Settlement. No appeal was taken from the order approving the Settlement.

Thus, by June 2008, Trustee had released all of the estate's pre-petition claims against Lei.

4. <u>Yan's State-Court Actions Asserting Pre-Petition Claims of the Estate</u>. Demas Yan and his father prosecuted lawsuits in the San Francisco Superior Court against Lei based on pre-petition events, after the Trustee took possession of the estate, and after the court approved the Settlement. <u>Demas Yan v. Lei</u> (no. 07-467500); and <u>Cheuk Tin Yan v. Lei</u> (no. 08-478364)(collectively the State- Court Actions).[2]

Yan filed the State-Court Actions without authorization from the court or the Trustee. In so doing, Yan asserted pre-petition claims against Lei that he had no standing to assert, and that had been expressly released in the court-approved Settlement. Yan, an attorney, had notice of the Trustee's appointment and of the Settlement.

5. <u>Injunctive Relief and Contempt of Court</u>. The current action is one in which Tony Fu sought to have this court enjoin Yan from asserting pre-petition claims that remained property of the

---

[2] Although at least one of the actions was filed before Trustee released all claims against Lei, Lei only seeks to recover fees incurred after Trustee executed the release.

**MEMORANDUM RE MOTION FOR ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST DEMAS YAN AND CHEUK TIN YAN**            -4-

estate (docket #1).³ This court entered a permanent injunction in February 2009 prohibiting Yan from asserting such claims (docket #15). That injunction was vacated, however, when it became apparent that the estate had sufficient assets to pay creditors in full without liquidating the estate's pre-petition claims, and the court therefore ordered those claims abandoned to Yan (docket #33). The court later vacated the order abandoning pre-petition claims to Yan when it became apparent that Yan was asserting pre-petition claims that had been released by the Trustee (docket #64). But the court did not reinstate any injunction until requested to do so by Fu and Lei in July 2011. The order entered in July 2011 directed Yan to dismiss the State-Court Actions by August 17, 2011 (docket #80).⁴ Yan did not timely comply with that order, and this court held him in contempt on December 5, 2011 (docket #102). Yan purged that contempt by dismissing the State-Court Actions at the end of December 2011 (docket #108). This court has never quantified the fees that Lei incurred between August 18, 2011 and early January 2012 to secure Yan's compliance with the July 2011 order, but Lei does not explicitly seek such an award in the current Motion and does not specify the fees incurred for that limited purpose.

  6. <u>The Current Motion</u>. Lei first contends that Yan's prosecution of claims that were property of the estate following the appointment of the Trustee violated the automatic stay, because

---

 ³ Lei became a de facto party to the present action when this court entered an injunction on July 26, 2011 directing Yan to dismiss the State-Court actions against both Fu and Lei.

 ⁴ The July 2011 order was upheld on appeal to the District Court (docket #128).

**MEMORANDUM RE MOTION FOR**
**ATTORNEY FEES AND PUNITIVE**
**DAMAGES AGAINST DEMAS YAN**
**AND CHEUK TIN YAN**     -5-

in so doing he attempted to assert control over property of the estate. 11 U.S.C. § 362(a)(3). Lei contends that, as an individual injured by a violation of the automatic stay, she is entitled to recover compensatory and punitive damages under section 362(k)(1). Lei also contends that Yan acted in bad faith in prosecuting the State-Court Actions, because he had no authority to prosecute those claims and because the claims had been released, and that this court should use its inherent powers to require Yan to pay the attorneys fees Lei incurred in defending the State-Court Actions.

**JURISDICTION**

I conclude that this court has subject-matter jurisdiction over the Motion under 28 U.S.C. § 1334(b), and that the Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), because the actions of Debtor that are the basis for the relief requested are inextricably intertwined with the administration of the bankruptcy case, because the essence of the conduct that gives rise to the relief requested is Debtors failure to abide by (a) provisions of the Bankruptcy Code, (b) orders and judgments of the Bankruptcy Court, and (c) the Settlement properly negotiated by the bankruptcy trustee, and because the particular basis for the relief sought could never arise outside of a bankruptcy case.

**DISCUSSION**

**I.**

**ATTORNEY'S FEES AND DAMAGES**

**PURSUANT TO 11 U.S.C. § 362(k)(1)**

11 U.S.C. § 362(k)(1) provides that "an individual injured by any willful violation of a stay provided by [section 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

There can be no doubt that Yan willfully violated the automatic stay by asserting pre-petition claims in state court when he was no longer authorized to do so and after those claims had been released. See footnote 5, below. The issue here is whether Lei's claim for damages falls within the "zone of interests" that 11 U.S.C. § 362(k)(1) is intended to protect.

The automatic stay is a fundamental debtor protection provided by bankruptcy law. The stay also provides protection to creditors by ensuring an orderly distribution of the debtor's assets. St. Paul Fire & Marine Ins. Co. v. Labuzan, 579 F.3d 533, 540-43 (5th Cir. 2009) (reviewing legislative history of section 362). Accordingly, individual creditors can seek damages pursuant to section 362(k)(1) for willful violations of the automatic stay. Johnston Envtl. Corp. v. Knight (In re Goodman), 991 F.2d 613, 618-19 (9th Cir. 1993); St. Paul Fire & Marine Ins. Co., 579 F.3d 539-43; In re Int'l Forex of California, Inc., 247 B.R. 284, 289-90 (Bankr. S.D. Cal. 2000).

In order to have standing to obtain relief under section 362, however, a creditor must be seeking relief for the type of harm against a creditor that the automatic stay intends to prevent: a harm arising out of the unfair or unequal distribution of assets among creditors in respect of their pre-petition claims. See In re Globe Inv. & Loan Co., 867 F.2d 556, 560-61 (9th Cir. 1989) (holding that creditors did not have standing to bring a claims

**MEMORANDUM RE MOTION FOR
ATTORNEY FEES AND PUNITIVE
DAMAGES AGAINST DEMAS YAN
AND CHEUK TIN YAN**                -7-

under section 362(k)(1) because the claims sought relief for alleged harm sustained as owners of real property, not as creditors of the estate).

Here, Lei seeks attorney's fees and punitive damages for harm sustained as a ***defendant*** in frivolous state court actions filed by the debtor, not for harm sustained as a ***creditor*** of the bankruptcy estate. Lei's motion does not seek redress for interference with the collection and distribution of assets of the estate. She therefore is not to obtain the relief requested pursuant to 11 U.S.C. § 362(k)(1).

## II.

### ATTORNEY'S FEES AND DAMAGES

### PURSUANT TO THE COURT'S INHERENT AUTHORITY

This court has inherent authority to sanction bad-faith or willful misconduct. <u>Knupfer v. Lindblade (In re Dyer)</u>, 322 F.3d 1178, 1196 (9th Cir. 2003)(citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 42-47 (1991)). "[T]he inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics." <u>In re Dyer</u>, 322 F.3d at 1196.

<u>In re Dyer</u> explains the requirements for imposing sanctions pursuant to a court's inherent authority:

> Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct. In this context, "willful misconduct" carries a different meaning than the meaning employed in the context of determining whether an individual is entitled to damages under § 362(h) or a contempt judgment under § 105(a) for an automatic stay violation. With regard to the inherent sanction authority, bad faith or willful misconduct consists of something more egregious than mere negligence or

**MEMORANDUM RE MOTION FOR**
**ATTORNEY FEES AND PUNITIVE**
**DAMAGES AGAINST DEMAS YAN**
**AND CHEUK TIN YAN**                -8-

> recklessness. Although specific intent to violate the automatic stay may not be required in the contempt context, such specific intent or other conduct in bad faith or conduct tantamount to bad faith, is necessary to impose sanctions under the bankruptcy court's inherent power. . . . Mere ignorance or inadvertence is not enough to support a sanction award under the inherent authority.

Id. at 1196-97 (internal quotation marks and citations omitted).

Sanctions issued under the inherent sanctioning authority can only be compensatory; punitive damages cannot be imposed. Id. at 1197. When a party has acted in bad faith, sanctions under the court's inherent authority may take the form of attorneys' fees. See Primus Auto. Fin. Services, Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997).

Lei contends that this court should require Yan to pay the attorneys fees that Lei incurred in the State-Court Actions under this court's inherent authority to sanction bad-faith conduct, citing Chambers v. Nasco. While I agree that Yan has acted in bad faith in asserting legally frivolous claims against Lei,[5] I conclude that it is not an appropriate exercise of this court's inherent power to sanction Yan for his conduct in another court.

In Chambers, the Supreme Court stated that a trial court should exercise its inherent power with caution, and may properly invoke that power to award attorneys fees only in narrowly defined circumstances. Chambers, 501 U.S. at 44-45. In upholding the trial court's use of its inherent power to award attorneys fees

---

[5] Yan's wrongful assertion against Lei of claims that belong to the bankruptcy estate and/or had been previously released is described in this court's Memorandum re . . . Revocation of Order Abandoning Certain Assets to Debtor (docket #39 in A.P. 10-3152), in the Memorandum Decision Determining Demas Yan to be a Vexatious Litigant (docket #28 in A.P. 12-3129), and in the Memorandum Re Tony Fu's Motion for Contempt and Sanctions (docket #102 in A.P. 08-3166).

**MEMORANDUM RE MOTION FOR**
**ATTORNEY FEES AND PUNITIVE**
**DAMAGES AGAINST DEMAS YAN**
**AND CHEUK TIN YAN** -9-

under the facts at issue in <u>Chambers</u>, the Supreme Court emphasized that the bad-faith conduct occurred in the proceedings before the trial court that imposed the sanctions.

> "[T]he allegedly sanctionable acts were committed in the conduct of the very proceeding in which sanctions [were] sought," and thus the sanctions imposed "app[lied] only to sanctionable acts which occurred in connection with the proceedings in the trial Court."

<u>Id</u>. at 54 fn. 17 (citations omitted). The Supreme Court also emphasized that the bad-faith acts in question constituted a fraud on the trial court, and could not be fully remedied except through the use of the trial court's inherent power.

> Much of the bad-faith conduct by Chambers, however, was beyond the reach of the Rules; his entire course of conduct throughout the lawsuit evidenced bad faith and an attempt to perpetrate a fraud on the court, and the conduct sanctionable under the Rules was intertwined within conduct that only the inherent power could address.

<u>Id</u>. at 50-51.

In contrast, Lei asks this court to award fees for an action Yan brought in **another** court. The more appropriate and conventional remedy for having to defend a frivolous action is to seek an award of fees from the court in which the frivolous action was brought.[6] In light of the above, I determine that it would be improper for this court to invoke its inherent power to impose sanctions on Yan for his conduct in the State-Court Actions, except to the extent that such conduct violated the injunction entered by this court in July 2011.

---

[6] Lei could recover fees from Yan via an order of the state court without violating either the automatic stay or Yan's bankruptcy discharge, because all of the wrongful acts giving rise to Lei's present claim for attorneys fees were committed by Yan after his case was converted to chapter 7, and the claims that arise from those acts are considered post-petition claims not subject to the automatic stay or the discharge injunction.

**CONCLUSION**

In prosecuting the State-Court Actions, Yan sued Lei on claims that had passed to his bankruptcy estate and had been released by the Trustee. That conduct constituted the assertion of a legally frivolous lawsuit. Lei had various means of defending against the State-Court Actions. She could ask the state court to dismiss the actions. She could seek injunctive relief from this court requiring Yan to dismiss the actions. She ultimately sought and obtained the latter relief.

Lei also had various means of recovering the expenses she incurred in defending against Yan's frivolous State-Court Actions. She could file a motion for sanctions in the state court. She could wait until Yan's lawsuits were dismissed and then file an action for malicious prosecution. She could seek to recover fees she incurred to stop Yan's violation of the July 2011 injunction. She did not do any of these. Instead, she brought a motion in this court in which she seeks damages for violation of the automatic stay, and in which she asks this court to invoke its inherent powers to require Yan to pay fees she incurred in the State-Court Actions.

As noted above, Lei cannot recover damages for Yan's violation of the automatic stay, because Yan's actions did not interfere with the Trustee's administration of the estate.[7] It is not appropriate to award Lei the fees she incurred in the State-Court Actions under

---

[7] When this court granted Fu and Lei injunctive relief under section 105, it granted relief that exceeded the protections provided by the automatic stay. The court granted this additional relief to preserve the full effect of the settlement made by the Trustee and approved by the court.

**MEMORANDUM RE MOTION FOR**
**ATTORNEY FEES AND PUNITIVE**
**DAMAGES AGAINST DEMAS YAN**
**AND CHEUK TIN YAN**                          -11-

the court's inherent powers to sanction bad-faith conduct in this court, because the conduct in question did not occur in this court.

Lei may be able to recover in this court any damages sustained and expenses incurred as a result of Yan's contempt of the July 2011 injunction.  But only a small portion of the fees Lei seeks were incurred during the period that Yan failed to comply with the July 2011 order, and in the current Motion Lei neither seeks fees on the basis of Yan's contempt nor specifies what fees were incurred as a result of that contempt.

Reluctantly, I determine that Lei's motion for attorney's fees and punitive damages cannot be granted by this court.  This determination is without prejudice to a motion in this court to quantify fees incurred as a result of Yan's contempt, and is without prejudice to any claim Lei may assert against Yan in state court for malicious prosecution or for an award of fees from the court in which the State-Court Actions were brought.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Demas Yan
Law Offices of Dennis Yan
425 Market Street, Suite 2200
San Francisco, CA 94105

Tony Fu
5813 Geary Blvd., PMB 188
San Francisco, CA 94121